THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. KOLP, Appellant.

Third Department, October 23, 1975

*Samuel J. Castellino (Joseph J. Balok, Jr.,* of counsel), for appellant.

*D. Bruce Crew, III, District Attorney (Richard L. Parker* of counsel), for respondent.

LARKIN, J. On May 25, 1974, at approximately 1:00 A.M., an officer of the Elmira Heights Police Department, observing a car being operated in a reckless manner, pursued it until the car was involved in an accident. The defendant fled from the scene but was chased and caught. A search of his person revealed $22 in silver dollars and $11.95 in change and a search of the car revealed a quantity of coins, including a silver dollar, on the floor. Among the other objects found in the car was a box marked "Handi Book Center". The coins were returned to defendant but he was jailed.

The next day an officer of the Elmira Police Department, investigating a burglary the night before at the Handi Book Center, interviewed the defendant who advised him that he had driven another person to the Handi Book Center and waited until the other person came out of the store. After the other person placed some items in the defendant's car, the

defendant drove away. Shortly thereafter, he was apprehended.

On the trial, the owner of the book store identified certain items which were found in defendant's car and testified that a certain sum in coins and change, including $24 in silver dollars, was missing from his store.

The defendant was convicted and, on this appeal, contends that the trial court committed reversible error by allowing into evidence a copy of the voluntary rights waiver form signed by the defendant and also in admitting into evidence certain other of the People's exhibits.

Before being questioned in regard to the alleged burglary, the defendant signed a four-copy carbon paper waiver of rights form. The police officer testified he could not find the first, or white, copy but a colored copy thereof was offered and admitted into evidence. On such multi-copy forms, all duplicates or counterparts are regarded as originals and any such duplicate copies are admissible as originals without the necessity of either producing or accounting for the absence of the other. Where several copies of a writing are produced by the same mechanical operation, each is regarded as an original (Richardson, Evidence [10th ed], § 576). In any event, on both direct and cross-examination, the defendant admitted that he knew his rights, that he was advised of them and that he voluntarily waived those rights and conceded that he had executed the voluntary rights form.

On the trial, the People introduced two envelopes, on one of which was written the amount and type of coins found on the defendant's person at the time of the original arrest. On the other was written the amount and type of coins found in the defendant's car by the search conducted immediately after his arrest. A police officer testified that he was present when the coins were counted and placed in the respective envelopes, with the amount and type written thereon. The envelopes were used to refresh the recollection of the police officer and were admitted into evidence. With the store owner having testified that coins and silver dollars were taken from the store, the presence of such a large amount of coins and silver dollars on the person of the defendant at the time of his apprehension forged a strong link in the evidence connecting the defendant with the crime charged. Although the coins themselves were not offered into evidence (having previously been returned to the defendant), the envelopes served to

refresh the memory of the police officer as to the amount and type of coins which he observed at the time of the defendant's apprehension (Richardson, Evidence [10th ed], § 466 *et seq.).*

As to the defendant's contention that the verdict was against the weight of the evidence, it is the law of this State that recent and exclusive possession of the fruits of a crime, if unexplained or falsely explained, will justify the inference that the possessor is a criminal, and this rule has most frequently been applied in cases of burglary *(People v Colon,* 28 NY2d 1). If there is evidence upon which a jury might find that defendant had stolen the property or had received it from the thief, the question of which offense the defendant may be guilty is a question of fact for the jury *(People v Berger,* 285 NY 811; *People v Galbo,* 218 NY 283). The jury accepted the testimony of the People's witnesses and found the testimony offered by the defendant to be unbelievable. The testimony was legally sufficient to support the verdict.

The defendant was convicted of a class D felony which carries a maximum sentence of seven years in prison. In view of the defendant's prior conviction for burglary in the third degree, the sentence of not less than three nor more than six years was within the sound discretion of the trial court and should not be disturbed *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861).

We have considered the other arguments advanced by defendant and find them to be without merit.

The judgment and sentence should be affirmed.

SWEENEY, J. P., KANE, KOREMAN and MAIN, JJ., concur.

Judgment and sentence affirmed.