■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence connecting defendant to his crimes was circumstantial. There was a midnight break-in at a dry cleaners and clothes in cleaner bags were taken. Defendant was apprehended shortly thereafter two blocks from the cleaners with the clothes still in their cleaner bags. Defendant offered several false explanations to account for his possession. It has been long settled that under circumstances similar to those in the instant case recent possession of goods is sufficient to convict for burglary *(Knickerbocker v People,* 43 NY 177). Falsely explained recent and exclusive possession of the fruits of a crime justifies an inference that the possessor is a criminal and such possession has been frequently considered sufficient evidence to convict in cases involving burglary and larceny *(People v Colon,* 28 NY2d 1, 12). Where a conviction depends on circumstantial evidence "the facts from which the inference of the defendant's guilt is drawn must be estalished with certainty—they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis" *(People v Cleague,* 22 NY2d 363, 365-366). The evidence on this issue must be viewed in the light most favorable to the prosecution *(People v Benzinger,* 36 NY2d 29). In the final analysis, the application of the test becomes "a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts" *(People v Borrero,* 26 NY2d 430, 435). On these tests, the evidence in the record before us was sufficient to support conviction of defendant for both crimes *(People v Kolp,* 49 AD2d 139, 142). (Appeal from judgment of Monroe County Court—burglary, third degree, and petit larceny.) Present— Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.