OPINION OF THE COURT
Martin Erdmann, J.
Defendant moves to dismiss the complaint herein pursuant to CPL 170.30 (subd 1, par [g]).
Defendant is charged with having trespassed in a restricted area of Bloomingdale’s Department Store (Penal Law, § 140.05) and with possession of property stolen from Bloomingdale’s by a codefendant. (Penal Law, § 165.40.)
Following arraignment defendant moved pursuant to CPL 240.20 (subd 1, par [e]) for inspection of the property taken from him (or a codefendant to be tried jointly). That motion was granted. Inspection proved impossible, however, since the special police officers involved in the arrest of the defendant had permitted the property to be returned to stock. Further investigation reveals that the special police officers[1] acted in this fashion pursuant to the express written authorization entered into between the District Attorney of New York County and various department *935 stores, including Bloomingdale’s. The Assistant District Attorney in charge of the prosecution of the instant case has stipulated for the purpose of this motion only, that this agreement entered into in 1979 provides that where the value of the seized property stolen from Bloomingdale’s does not exceed $250 the property may be photographed[2] and returned to Bloomingdale’s stock.
The District Attorney in entering into this agreement with various New York City Department Stores appears to have acted in direct contravention to former subdivisions 1 and 2 of section 450.10 of the Penal Law which provided in relevant part as follows:
“1. When property, alleged to have been stolen, comes into the custody of a peace officer, he must hold it, subject to the order of the court authorized by subdivision two to direct the disposal thereof.
“2. On satisfactory proof of the title of the owner of the property, the court in which the criminal action is pending may order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice”. (Emphasis added.)
It is clear from the above that the Legislature intended a judicial officer to determine if and when property is to be returned to a claimant. Had the District Attorney not attempted to arrogate that power to himself, the defendant’s right to discovery under CPL 240.20 (subd 1, par [e]) would not have proved a nullity in the instant case.
Some sanctions are called for to end the clubby procedural agreement now existing between the District Attorney’s office and various department stores. The defendant urges a dismissal of the entire action because of prosecutorial misconduct. I reject such course of action as both unwarranted and excessive. Justice will be amply served if I preclude the District Attorney from adducing any testimony in the trial of this action with respect to any theft of property from Bloomingdale’s by the defendant (or by his codefendant, should the cases be consolidated for trial) or with respect to the defendant’s possession of stolen prop *936 erty belonging to Bloomingdale’s (or by his codefendant, should the cases be consolidated for trial). Subject to these evidentiary limitations, the District Attorney is free to prosecute this defendant for the violation of trespass in the third degree.
Accordingly, the District Attorney is precluded from adducing any evidence in the trial of this action against the defendant with respect to the theft of property from Bloomingdale’s or the possession of stolen property belonging to Bloomingdale’s, and the same prohibition applies should the case of the defendant be consolidated with that of his codefendant.
Except for the order of preclusion as set forth above, defendant’s motion to dismiss pursuant to CPL 170.30 (subd 1) is denied. Defendant’s motion to dismiss pursuant to CPL 170.40 is denied. No compelling reasons for the granting of this sparingly-to-be used remedy, have been advanced.

. The District Attorney has stipulated that their special police officers are peace officers as that term is used in section 450.10 of the Penal Law.

. Although irrelevant it should be noted that no photograph of the property seized in this case, exists. Either no photograph was taken or it was lost.