■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS CRUZ, Respondent. — Orders, Supreme Court, New York County (Benjamin Altman, J.), entered July 21, and October 8, 1982 which dismissed the indictment against defendant on the ground that physical evidence was returned to the victim without prior notice to the defendant for inspection, and which granted reargument and, upon reargument, adhered to the original determination, unanimously reversed, on the law and the facts, and in the exercise of discretion, the motion to dismiss denied, and the indictment reinstated. The police arrested defendant after observing him breaking into the trunk of a car which had an M.D. license plate and removing property. A search of the defendant revealed a Dolper EKG monitor, two new attaché cases with the name Dr. Roy Clauss stamped on them, 21 medical stamps, a ski jacket, a Sony radio, three screwdrivers and an electric switch. Defendant was indicted, charged with one count each of grand larceny in the second degree, criminal possession of stolen property having an alleged aggregate value in excess of $1,500, and possession of burglary tools. Thereafter an ex parte order of the court was made directing the return of all of the property except the radio to the victim, Dr. Clauss, who consented to have the returned property available for inspection by a defense investigator. One month later, defense counsel, by an omnibus motion, requested that the People disclose the location of the evidence and make it available for inspection. The prosecutor responded that the property had been returned to its owner, concededly without notice to the defendant. Defendant moved to dismiss the indictment on the ground that defendant was not given the notice required by section 450.10 of the Penal Law that the property would be returned. Defendant asserted that the inability to inspect the property foreclosed the possibility of ascertaining its value at the time of the theft, a critical element on a grand larceny charge. The People responded that the property had been returned pursuant to court order before defendant's demand for inspection and that in any event it was available for inspection. Moreover the defense never sought access to the returned property,

even after being advised of its return, nor to the Sony radio still in police custody. The motion to dismiss was granted and adhered to on reargument. No reasons were assigned. Subdivision 1 of section 450.10 provides that stolen property in the custody of the police may not be released until the prosecutor has advised the defendant or his attorney of a request for its return and afforded the defense a "reasonable opportunity for an examination of the property to determine its true value and to produce or reproduce, by photographs or other identifying techniques, legally sufficient evidence for introduction at trial." Nowhere in the statute is there provision for dismissal because of noncompliance. No sanctions are set forth although where there is a flagrant violation, the sanction of dismissal may be warranted. In our view this is not such a case. The People acted in good faith and defendant is in no way prejudiced. He has not been deprived of the evidence following its release (*People v Angelo,* 93 AD2d 264). There the People released store clothing but retained photographs of the items with the price tags intact. Here the evidence is still "intact" and merely in the victim's possession. Moreover, the defendant has declined to examine the property, albeit he has been offered an opportunity to do so. The property was essential to the victim's practice as Dr. Clauss is a cardiologist. Unlike *People v Davis* (109 Misc 2d 230), the property can be inspected. At most, it has depreciated. If so, this might alter the degree of the crime charged which might benefit the defendant if such value was less than charged in the indictment. At the most a proper sanction would have been to reduce the degree of theft charged, affording the jury an opportunity to assess the testimony as to value (see *People v Foye,* 113 Misc 2d 934). There is no showing whatever that the defendant has sustained any prejudice. (See *United States v Bryant,* 439 F2d 642, 647.) Concur — Sandler, J. P., Silverman, Fein, Milonas and Kassal, JJ.