■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PASCIUTA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered January 28, 1981, convicting him of criminal possession of stolen property in the first degree and burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

There was sufficient evidence corroborating the testimony of Clarence Johnson, defendant's accomplice, that tended to connect defendant with the charged crimes of criminal possession of stolen property in the first degree and burglary in the third degree (see CPL 60.22; cf. *People v Nieto,* 97 AD2d 774, 775). The fact that defendant possessed some of the stolen property shortly after the alleged burglary constitutes sufficient evidence connecting defendant to the burglary (see, e.g., *People v Shurn,* 69 AD2d 64, 68; *People v Smith,* 66 AD2d 988; *Knickerbocker v People,* 43 NY 177).

In addition, assuming, *arguendo,* that the police ever had custody of a solid gold cup allegedly stolen by defendant, the fact that the cup was inadvertently sent to a smelter by the owner of the store defendant sold it to does not mandate the reversal of defendant's conviction. The destruction of the evidence was not deliberate or intentional (Penal Law, § 450.10; cf. *People v Cruz,* 99 AD2d 406; *People v Angelo,* 93 AD2d 264). Furthermore, the jury could have believed that defendant possessed two diamonds as part of the proceeds of the burglary, which had been appraised for a total of $1,520. This evidence alone is sufficient to sustain defendant's conviction for criminal possession of stolen

property in the first degree (Penal Law, § 165.50). Finally, we find no error in the trial court's charge regarding section 450.10 of the Penal Law. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.