■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS R. BERGERSON, JR., Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered July 8, 1982, upon a verdict convicting defendant of the crime of burglary in the first degree.

Defendant's conviction rests on the following circumstantial evidence: the victim, a 63-year-old woman, testified that sometime after 10:30 P.M. on November 5, 1981, she was awakened by two intruders who broke into her home in the City of Troy, covered her face with a pillowcase, brutally gagged her, lashed her to the bedposts and stole money, jewelry and other personal property from her. She saw only a shadowy male figure with a peaked hat and mask.

That same night, at 12:45 A.M., Police Officer John Colaneri observed defendant and the codefendant, Richard Jackson, whom the officer recognized, carrying plastic bags and a bundle; Jackson wore a black ski hat, defendant a hooded sweatshirt and jacket. When the officer called out to them to "Hold on there a second, fellas", defendant and Jackson both ran, throwing their packages in the officer's path. After a brief chase and a struggle

with officers who had been summoned by Colaneri, defendant and Jackson were apprehended. An inspection of the bags and bundle they had discarded and a search of their persons disclosed jewelry and personalty which it was later determined had been stolen from the victim.

At the outset, we note that the evidence presented, though circumstantial, was more than adequate to sustain the conviction. The victim's testimony established the essential elements of burglary in the first degree and defendant's apprehension soon after the burglary, within a few blocks of the victim's home, carrying articles stolen from her, connects him with the burglary. Here, "the only taking proved, was a burglarious taking, a burglarious larceny, and no other. The recent possession thereafter of the property thus taken, is evidence that the possessor burglariously took it" (*Knickerbocker v People,* 43 NY 177, 181; see *People v Smith,* 66 AD2d 988). The record being devoid of evidence indicating that defendant may have received the stolen property from someone else, the only inference that can be drawn is that he was one of the thieves (*People v Baskerville,* 60 NY2d 374, 382).

The trial court's refusal to charge the jury that criminal possession of stolen property in the second degree was a lesser included offense of burglary in the first degree was not error, for it is possible to commit the latter without concomitantly committing the former (see *People v Glover,* 57 NY2d 61, 63); one can enter or remain in a dwelling intending to commit a crime therein without actually possessing stolen property.

Also unavailing is defendant's contention that since criminal possession of stolen property in the second degree was a separately stated count of this multicount indictment, he was therefore entitled to a charge on this count, regardless of whether it is a lesser included offense. As the indictment contained only concurrent counts, the trial court in its discretion was at liberty to determine which to submit to the jury, with the proviso that at least one concurrent count be submitted (CPL 300.40, subd 3). Here, the trial court, in the interest of justice, elected to give the jury the first count, burglary in the first degree, but also charged burglary in the second degree as a lesser included offense thereof. In light of that charge, it is not without significance that although the jury had the option available to it to convict defendant of the lesser offense, it did not. Furthermore, as already noted, no reasonable view of the evidence indicates that defendant acquired possession of the stolen property after the theft; hence, he had no right to a charge of criminal possession of stolen property.

Neither the trial court's answers to the jurors' questions nor its supplemental instructions in response thereto were inappropriate; nor, given defendant's criminal history, is the sentence imposed immoderate.

The contention that the trial court erred in denying defendant's motion to suppress certain tangible evidence is equally unconvincing. Officer Colaneri legitimately approached two men, one of whom he knew, carrying bundles at 12:48 A.M., with the intention merely of talking with them. When they fled, throwing the bundles in his path, the property in those bundles was thereby abandoned and lawfully seized; the stolen property taken from defendant himself was properly admitted into evidence for it was seized pursuant to a lawful arrest.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich Jr., and Harvey, JJ., concur.