■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY S. MEASHEAW, Appellant. — Mahoney, P. J. Appeal from a

judgment of the County Court of St. Lawrence County (Duskas, J.), rendered February 29, 1984, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Defendant was convicted, after a jury trial, of third degree burglary and petit larceny. He was sentenced as a second felony offender to an indeterminate term of imprisonment of 2½ to 5 years on the burglary charge and a concurrent one-year sentence on the petit larceny charge. He now appeals, contending (1) that the proof offered by the People failed to establish burglary, (2) that comments made by the prosecutor during summation were improper and deprived defendant of a fair trial, and (3) that he was denied the effective assistance of counsel.

On August 24, 1984, at about 2:30 A.M., Officers Michael Thayer and Raymond Van Orman of the City of Ogdensburg Police Department were on foot patrol when they overheard defendant boast to two other individuals, "If anybody can get some, I can." A short time later, the officers observed defendant and the two other individuals walking along Main Street in Ogdensburg. Later, Officer Thayer encountered defendant and one other individual coming out of an alley. Defendant was holding four bottles of liquor. Three bottles were opened and he was drinking from one of them. Defendant spontaneously said to Officer Thayer, "Gees, Mike, you followed me right to that one." At about the same time, Officer Van Orman encountered one of defendant's companions and found him in possession of a flashlight. The officers then began investigating for a possible burglary and found that the local Moose Club had been entered. Another officer found three pour spouts on the ground near where Officer Thayer had encountered defendant with the bottles of liquor. The caretaker of the Moose Club later identified the four bottles of liquor, the three pour spouts and the flashlight as belonging to the Moose Club.

Defendant contends that the above-discussed evidence is circumstantial and does not support the conviction since there is no proof that defendant entered the building. This contention is without merit. Recent, unexplained, exclusive possession of the fruits of a burglary may raise an inference of guilt sufficient to support a conviction of burglary (*People v Riddick,* 69 AD2d 826; *People v Smith,* 66 AD2d 988). Here, there was sufficient, unexplained circumstantial evidence to support the jury's finding of guilt.

Defendant also contends that certain comments made by the prosecutor during summation deprived him of a fair trial. It does appear that at several points during summation the prosecutor

improperly gave his own personal opinion and thus made himself an unsworn witness (*see, People v Manson,* 63 AD2d 686). However, these statements were not objected to and thus were not preserved for our review (CPL 470.05 [2]), and we are not persuaded to use our discretionary power and reverse in the interest of justice.

Finally, we reject defendant's claim that he was denied the effective assistance of counsel. The alleged errors cited by defendant involve matters of trial strategy. Upon review of the record as a whole, it cannot be said that defendant's counsel was inadequate or incompetent.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.