■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 7, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's motion to dismiss the indictment on the ground that the police returned the stolen property to its owners in violation of Penal Law § 450.10 was properly denied since the police never actually had custody of the property (see, Penal Law § 450.10; People v Kelly, 62 NY2d 516). Moreover, the stolen property was immediately photographed by the police and those photographs were properly placed in evidence at the trial (see, People v Angelo, 93 AD2d 264).

The defendant's contention that the court failed to charge the jury on circumstantial evidence is unpreserved for appellate review since no request for such a charge was made, nor did he object to the court's failure to give such instructions (see, CPL 470.05 [2]; People v Contes, 60 NY2d 620). In any event, the record establishes that the defendant's claim is meritless.

The court properly instructed the jury concerning the People's burden of proof and the claim that the jury did not follow those instructions lacks merit (see generally, Parker v Randolph, 442 US 62). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.