■ The People of the State of New York, Respondent, v Jimmie Sims, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 15, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress the weapon and statements made by him to the police.

Justice Eiber has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

Three undercover officers watched the defendant and his companion repeatedly follow various commuters around the area of a train station, particularly persons who became isolated or lagged behind the crowd. This conduct was observed by the officers for a period of 90 minutes. The area in question was a high-crime area. The three officers approached the two individuals and questioned them as to their reasons for being at the station. The defendant informed the officers that the two had just arrived and were looking for a friend, an

obviously untruthful statement. This untruthful statement, together with the observed conduct of the defendant and his companion, was sufficient to arouse reasonable suspicion in the officers and to warrant their detention for further inquiry *(see, People v Cantor,* 36 NY2d 106; *People v Williamson,* 107 AD2d 727). During the inquiry, the defendant turned his body in such a fashion that it revealed a bulge in the rear pocket. On seeing this bulge, one of the officers conducted a pat down and retrieved a loaded .22 caliber gun. This bulge in the rear of the defendant's trousers was the "telltale of a weapon", and served to provide the necessary predicate for a pat down search *(see, People v Milton,* 115 AD2d 666).

While the officers were questioning the two at the scene and following the giving of the *Miranda* warnings, the defendant voluntarily stated that his brother had been robbed and he was at the station looking for the robber. This same statement was uttered spontaneously a second time by the defendant while he was in the police vehicle. While the defendant and his companion were at the precinct in the bullpen they were overheard discussing the alleged robbery of the defendant's brother. Under the circumstances, the defendant's spontaneous statements were properly admitted *(see, People v Bonacorsa,* 115 AD2d 546).

The defendant argues that there was no proof that the gun taken from him was loaded. The arresting officer testified that it was a .22 caliber gun loaded with six rounds of live ammunition. The gun and shells were marked by the officers and vouchered. When tested, the gun was determined to be operable. Furthermore, the gun admitted in evidence was identified as the gun found on the defendant.

There is no error in the use of a copy of the voucher for the gun instead of the original, as this was a multicopy form. Under such circumstances all duplicates or counterparts are regarded as originals and admissible as such without the necessity of either producing or accounting for the absence of the other *(People v Kolp,* 49 AD2d 139).

During the trial, it was brought out that a can of mace had been found on the codefendant. The court properly gave curative instructions. Under such circumstances there was no error in denying the defendant's motion for a mistrial *(see, People v Lee,* 118 AD2d 593).

There is no merit to the defendant's contention that the prosecutor improperly bolstered the testimony of the arresting officer when he questioned a second officer as to what action

the arresting officer took. This testimony did not serve to bolster the identification of the defendant; the officer merely related what he saw at the scene. Bracken, J. P., Niehoff, Eiber and Kunzeman, JJ., concur.