■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MINOTA, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Alfano, J.), rendered November 22, 1985, convicting him of robbery in the first degree under indictment No. 6250/83, upon a jury verdict, and imposing sentence, and (2) a further judgment of the same court, rendered December 11, 1985, convicting him of bail jumping in the second degree under indictment No. 3071/ 85, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion with respect to indictment No. 6250/83 which was to suppress the complainant's in-court identification of the defendant.

Ordered that the judgments are affirmed.

The hearing court's determination, unchallenged by the People on appeal, was that the showup identification of the defendant by the complainant at the police precinct several

hours after the robbery was unduly suggestive. The defendant on appeal challenges the hearing court's finding that notwithstanding the improper showup, the complainant had an independent source for his in-court identification of the defendant founded upon his observations of the defendant during the commission of the crime. We reject the defendant's contention in this regard. The testimony elicited at the hearing reveals that the complainant had the opportunity to view the defendant at a distance of 3 or 4 feet under good lighting conditions during an encounter that lasted 6 to 7 minutes. Thus, we conclude that the People established by clear and convincing evidence that the in-court identification would be "based upon observations of the suspect other than [improper precinct] identification[s]" *(People v Ballott,* 20 NY2d 600, 606). Furthermore, we note that this court cannot properly make its own determination of an independent source based upon trial testimony *(see, People v James,* 67 NY2d 662, 664). We reached our determination on the identification issue by reference only to the evidence adduced at the pretrial suppression hearing and without considering the trial testimony *(see, People v Anderson,* 127 AD2d 774, *lv denied* 69 NY2d 947).

We further reject the defendant's argument, raised for the first time in his reply brief, that the trial court erred in failing to charge any degree of the offense of criminal possession of stolen property. The defendant did not press this issue in his principal appellate brief but rather argued that criminal possession of stolen property in the third degree should have been charged as a lesser included offense of robbery in the first degree and grand larceny in the third degree, a claim which the defendant now concedes is without merit *(see, People v Brown,* 70 NY2d 857). The practice of raising a new substantive issue in a reply brief at a time when an adversary can no longer respond to it is improper *(State Farm Fire & Cas. Co v LiMauro,* 103 AD2d 514, 521-522). In any event, on the facts of this case we find the issue to be without merit. No reasonable view of the evidence would support a finding that the defendant knowingly possessed the stolen vehicle in question, a finding necessary for a conviction of criminal possession of stolen property (Penal Law § 165.40 *et seq.)* or the grand larceny (Penal Law § 155.30), but did not steal such property, an element of the robbery (Penal Law § 160.15) counts charged to the jury *(see, People v Glover,* 57 NY2d 61; *People v Bergerson,* 105 AD2d 867). Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.