(May 26, 1988)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK REED, Appellant.—Weiss, J.

On October 16, 1985, three men entered a boutique in the City of Troy, Rensselaer County, shortly after midnight and exited carrying merchandise later identified as clothing. This activity was witnessed and reported to the police by Eugene Harris. Officer Joseph House, who responded, recognized defendant and codefendant Benjamin Rountree run down Congress Street, drop the clothing and disappear in a nearby apartment complex. House secured the clothing, later identified as "On Broadway" boutique merchandise valued at approximately $647, and reported the events to his supervisor, Captain Nicholas Kaiser, who instructed him to obtain arrest warrants. Shortly thereafter, House observed defendant alone and asked him where Rountree was, but did not make an arrest. Defendant and Rountree were indicted for burglary in

the third degree, grand larceny in the second degree and criminal possession of stolen property in the first degree. After a joint trial, they were convicted only on the burglary charge. Defendant moved to set the verdict aside pursuant to CPL 330.30 (3) based on newly discovered evidence consisting of the testimony of Anthony Wallace, who had been an alibi witness for Rountree. Following a hearing, County Court, rejected the Wallace testimony as contradictory and incredible, and thereafter sentenced defendant to a prison term of 1⅓ to 4 years. This appeal ensued.

We affirm. Initially, defendant appears to challenge the jury's verdict as repugnant. Our review of the jury charge, however, confirms that the verdict was not inherently inconsistent. Each charge on which defendant was acquitted included a minimum property value element of $1,500 (see, Penal Law former §§ 155.35, 165.50). While the boutique owner testified that $6,000 in merchandise had been stolen, the recovered items were valued at only $647. Thus, the jury could readily have concluded that the People failed to satisfy the value threshold. It follows that the burglary conviction, which did not include a minimum value element, was not inconsistent (see, People v Tucker, 55 NY2d 1, 6; People v Schmid, 124 AD2d 896, 897-898, lv denied 69 NY2d 955).

Defendant further asserts his acquittal on the criminal possession of stolen property charge confirms that the People failed to establish his guilt beyond a reasonable doubt. Again, we disagree. "Recent, unexplained, exclusive possession of the fruits of a burglary may raise an inference of guilt sufficient to support a conviction of burglary" (People v Measheaw, 108 AD2d 952, 953). Viewed in a light most favorable to the People (see, People v Lewis, 64 NY2d 1111, 1112), the jury could reasonably have inferred from the circumstances described by Harris and House that defendant committed the burglary (see, People v Baskerville, 60 NY2d 374, 382; People v Measheaw, supra; People v Sim, 53 AD2d 992, 993, affd on mem below 44 NY2d 758). Whether House had an adequate basis to identify defendant presented a credibility issue for the jury to resolve (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). House testified that he first observed defendant and Rountree from a distance of 20 feet under well-lighted conditions. Moreover, we do not agree with defendant's assertion that Kaiser was improperly allowed to bolster House's identification testimony. By cross-examining House on his failure to arrest defendant on the morning in question, defense counsel intimated that House was then uncertain as

to his ability to identify defendant. Since defendant opened the door on this issue, the People were entitled to present Kaiser's testimony that House named the suspects at the scene, and was instructed to secure arrest warrants before placing them under arrest (see, People v Singletary, 54 AD2d 767). This testimony was clearly designed to rebut the negative inference initiated by the defense and, thus, was not improper bolstering.

Defendant also maintains that County Court failed to adequately instruct the jury to make separate determinations as to the guilt or innocence of defendant and Rountree on each charge in accord with CPL 300.10 (4). During jury selection, a juror inquired whether she was authorized to find one of the defendants guilty and not the other. While County Court's response could have been more direct, the court did explain that "[t]he question is going to be whether or not *either one or both* of these people did what they are charged with" depending on the facts (emphasis supplied). Moreover, the court expressly charged the jury to render a separate verdict as to defendant and as to Rountree, fully complying with CPL 300.10 (4). Nor are we persuaded by defendant's assertion that the form of the verdict compelled the jury to find defendant and Rountree jointly guilty or not guilty (see, CPL 310.50 [1]).

Defendant further contends County Court diluted the governing standard of proof by allowing the prosecution to advise prospective jurors that the People were not required to prove guilt to a mathematical certainty and by including a similar instruction in its jury charge. Insofar as defendant failed to object to the charge as given, the asserted error was not preserved for our review (see, CPL 470.05 [2]; People v Murphy, 128 AD2d 177, 185-186, affd 70 NY2d 969; see also, People v Thomas, 50 NY2d 467, 471-472). In any event, a reading of the court's charge confirms that the prosecution's burden of establishing guilt beyond a reasonable doubt (see, CPL 70.20) was clearly conveyed to the jury. While the court improperly instructed the jury as to the effect of defendant's failure to testify, in the absence of a request for such a charge, any error in this regard was harmless (see, CPL 300.10 [2]).

Finally, given Wallace's conflicting testimony and lack of credibility, County Court did not abuse its discretion in denying defendant's motion for a new trial (see, People v Penoyer, 135 AD2d 42, 44-45).

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.