■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ROUNDTREE, Appellant.—Weiss, J.

After a joint trial, defendant* and codefendant Mark Reed were convicted of burglary in the third degree based on the theft of merchandise from the "On Broadway" boutique in the City of Troy, Rensselaer County, on October 16, 1985 (see, *People v Reed,* 140 AD2d 881 [decided herewith]). Focusing on the testimony of five alibi witnesses, defendant urges that the evidence was insufficient to establish the crucial element of identification. We disagree. The credibility of the various alibi witnesses was for the jury to assess (see, *People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). Viewed most favorably on the People's behalf, the evidence was more than adequate to support the jury's verdict (see, *People v Reed, supra).* It follows that County Court did not err in denying defendant's motion for a trial order of dismissal (see, CPL 290.10).

Defendant further maintains that the verdict was precipitated by County Court's confusing alibi instruction, which purportedly shifted the burden of proof on this defense to defendant. No exception was made to the charge as given and, thus, the asserted error was not preserved for our review (see, *People v Whalen,* 59 NY2d 273, 279-280; *People v Coleman,* 98 AD2d 942, 943). Even were we to review this objection in the interest of justice (see, CPL 470.15 [6]), we do not find the court's charge, read as a whole, improper. In addition to a general charge as to the People's burden of proof, the court specifically instructed the jury that "the burden is upon the prosecution to disprove the alibi defense beyond a reasonable doubt" (cf., *People v Victor,* 62 NY2d 374; *People v Landor,* 92 AD2d 625, 626). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.

* While the indictment spells defendant's name as "Roundtree", it appears the correct spelling is "Rountree".