■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HERRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered March 3, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 12, 1986, the defendant was arrested after a so-called "buy and bust" operation. The evidence adduced at trial established that an undercover officer approached 220 Utica Avenue, an abandoned building, to purchase drugs. As he tried to enter, the defendant called him over and asked what he wanted. The undercover officer responded that he wanted some "C", meaning cocaine. After negotiating with the defendant, the undercover officer paid $25 in prerecorded money for a tin foil packet of cocaine. Shortly thereafter, the undercover officer radioed the defendant's description to other officers who had viewed the whole exchange from a safe distance away. These officers arrested the defendant and recovered the prerecorded money from him. A few minutes after the arrest, the undercover officer drove by the transaction site and viewed the defendant. One hour later, at the

precinct, the undercover officer confirmed that the defendant was the seller of the cocaine.

The defendant contends that he was deprived of a fair trial when prosecution witnesses repeatedly used the term "Operation Padlock" to imply that the defendant was part of a large-scale drug operation. To the extent that the alleged error concerns uncharged crimes, this issue was not preserved for appellate review (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953). In any event, the record reflects that neither the prosecutor nor the witnesses attempted to suggest that the defendant was part of a large-scale drug operation or that he was guilty of other sales.

The Supreme Court did not err in denying the defendant's motion for a *Wade* hearing in light of the nature and circumstances of the encounter and identification. This case involved a confirmatory station house identification by a trained undercover officer, who observed the defendant during a face-to-face drug transaction knowing that the defendant would be arrested shortly thereafter. This identification procedure did not entail "the kind of per se suggestive or improper bolstering present in show-up identifications by civilian witnesses" *(People v Wharton,* 74 NY2d 921, 923).

Finally, the defendant's contention that testimony by several police witnesses concerning the station house and drive-by confirmation improperly bolstered the identification testimony is without merit. Where identification testimony is provided by a trained undercover officer, after a face-to-face drug transaction, and other officers testify as to what they observed at the scene, this additional testimony does not constitute improper bolstering *(see, People v Sims,* 127 AD2d 712, 713-714). Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.