■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BURWELL, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered July 6, 1989, convicting defendant, after jury trial, of attempted grand larceny in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, and sentencing him as a predicate felony offender to concurrent terms of 2 to 4 years'

imprisonment, 1 year imprisonment, and 1 year imprisonment, respectively, unanimously affirmed.

Evidence at trial included testimony of the arresting officer that in the early morning hours of February 4, 1989, he observed defendant break into a 1986 Nissan Maxima automobile that had been parked on 161st Street in the Bronx. The officer saw defendant strike down on the steering column two times with an instrument, and then leave the vehicle when its alarm activated. A screwdriver was recovered from defendant's pocket upon his arrest one-half block away, and an on-the-scene inspection of the automobile's interior by both the arresting officer and his partner revealed scratches described as located either on the steering column or on the "driver's panel." Additionally, the owner of the automobile testified both as to damage to the steering mechanism discovered after she had parked the vehicle on the evening in question, and subsequent observation of scratch marks on the steering column. Counsel stipulated that the automobile was valued in excess of $10,000 at the time of the incident. Thus, viewing the evidence in the light most favorable to the prosecution, it is clear that any rational trier of fact could have found that the defendant's guilt of attempted grand larceny in the third degree was proven beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621).

This court rejects defendant's arguments that the trial court erred in denying the defense request for a jury charge regarding the People's failure to take and hold the complainant's automobile as evidence under Penal Law § 450.10, and in allowing the prosecution to offer testimony as to the condition of the vehicle. Defendant made an *in limine* application to preclude evidence of the automobile's value and exploration of the question of damage on the ground that the People did not impound the vehicle as "stolen property" and hold it for a 48-hour period pursuant to Penal Law § 450.10. As part of this application, defense counsel expressly consented to admission of testimony by the police officers as to their observations of the condition of the automobile on the morning in question. During trial, defense counsel stipulated to a valuation of the vehicle at over $10,000. Additionally, defense counsel conceded that at defendant's arraignment conducted the same day, the People offered an opportunity for defendant to inspect the automobile and absolutely no effort was made by defendant to do so. Thus, it is disingenuous for defendant to now claim prejudice resulting either from the People's failure to seize the automobile or from the admission of testimony regarding the

vehicle's condition, which was both expressly consented to, and fully explored on cross-examination, by defense counsel. In light of these circumstances, defendant has failed to show either bad faith on the part of the People in failing to seize and hold the automobile in question, or any resulting prejudice to defendant, and thus this court finds no error in the rulings of the trial court on the issue *(see, e.g., People v Cruz, 99 AD2d 406)*. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.