■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TROTTY, Appellant.—Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered March 20, 1991, convicting defendant, after a jury trial, of attempted grand larceny in the third degree, criminal mischief in the third degree, and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 2 to 4 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest after two police officers observed him in an apparent attempt to jumpstart a 14 month old automobile valued at $9000.

Contrary to defendant's argument on appeal, the trial court properly denied defendant's alternate motions for dismissal of the indictment, or for preclusion of evidence relating to the value of the automobile in question and the cost of the repairs, on the ground that the People failed to impound the car for purposes of defendant's inspection. As the car never was in police custody, the retention provisions of Penal Law § 450.10 are not applicable (see, People v Carter, 121 AD2d 644, lv denied 68 NY2d 768). Additionally, although there is no apparent support for defendant's argument that inspection of the vehicle would have supplied Brady material, we note that the trial court directed that the People allow defendant the opportunity to inspect the car at his convenience and disclose any photographs of the car taken after the incident. These circumstances, combined with defendant's opportunity to fully cross-examine the People's witnesses regarding observed and photographed damage to the car, negate defendant's claim of prejudice that deprived him of a fair trial (see, People v Burwell, 172 AD2d 412, 414, lv denied 78 NY2d 963).

We have considered defendant's additional arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.

■ COMMONWEALTH LAND TITLE INSURANCE COMPANY et al.,