(September 30, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RUIZ, Appellant. [603 NYS2d 726] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered August 28, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People concede, absent the consent of both parties, it was reversible error for the trial court to use a verdict sheet that went beyond CPL 310.20 by parenthetically commenting on specific elements of the crimes charged. (CPL 310.30; *People v Taylor,* 76 NY2d 873.) Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR QUINONES, Appellant. [603 NYS2d 727] —Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered February 20, 1991, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Under the facts of this case, the trial court did not abuse its discretion in declining to submit to the jury the non-inclusory concurrent count of criminal possession of stolen property (CPL 300.40 [3] [a]; *see, People v Bergerson,* 105 AD2d 867, 868). The sentence imposed was not excessive under the circumstances. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.