■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW THOMAS, Appellant. [621 NYS2d 558] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered April 3, 1992, convicting defendant, after a jury trial, of attempted grand larceny in the third degree, criminal mischief in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to two terms of 2 to 4 years, and one term of 1 year, respectively, all sentences to be served concurrently, unanimously affirmed.

Former provisions of Penal Law § 450.10, which required retention of stolen vehicles for 48 hours for defense examination, were inapplicable in this case, because the only police "custody", if any, consisted of the arresting officer/complainant's retention of his own private car following defendant's attempt to steal it *(see, People v Trotty,* 188 AD2d 353, *lv denied* 81 NY2d 848). The statute was inapplicable in this case since there was no stolen property; the defendant having been charged with and convicted of attempted grand larceny. Furthermore, defendant was not prejudiced in any manner by the release of the car, having failed to make diligent efforts to examine it despite its availability up to the time of trial *(see, People v Cruz,* 99 AD2d 406). Similarly, defendant's request to interrupt the trial for examination of the car was properly denied for lack of a showing of diligence *(People v Foy,* 32 NY2d 473, 478). In any event, based on the testimony of both sides' experts, it is clear that the prompt photographing of the car's condition at the time of arrest rendered any defense inspection of the car unnecessary.

We find no error in the court's charge. Defendant's request for a circumstantial evidence charge was properly denied,

there being direct evidence of guilt including defendant's presence in the car *(People v Barnes,* 50 NY2d 375). Concur— Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.