■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK R. PLEBAN, Appellant. — Appeal by defendant from two judgments of the County Court, Nassau County (Santagata, J.), both rendered September 8, 1983, convicting him of conspiracy in the fourth degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a weapon in the fourth degree (two counts), and unlawful possession of noxious material (three counts), upon jury verdicts, and imposing sentences.

Judgments affirmed and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

We find that, under the circumstances of this case, the stop and search of the automobile occupied by defendant and the subsequent arrest of defendant were proper. Information was relayed to a 911 operator that a suspicious-looking automobile with out-of-State plates was outside of Irwin Pearl's office. The automobile then followed Pearl when he left his office and reappeared when he returned. The automobile was pointed out

to the police officers by the driver of a black car and by the complainant, Irwin Pearl. This information, upon which the police officers could rely (*see, People v Lypka,* 36 NY2d 210, 213), provided a sufficient predicate for the initial police action, to wit, the investigatory stop of the automobile occupied by defendant (*see, People v Stewart,* 41 NY2d 65, 66; *People v De Bour,* 40 NY2d 210, 223; *People v Olsen,* 93 AD2d 824). Subsequently, after one of the officers noticed defendant making rapid movements toward the floor of the automobile, and after the officer noticed a plastic sleeve with writing on it indicating that it might have contained mace, the police were justified in ordering the defendant out of the car and in conducting a search of the vehicle (*see, e.g., People v Livigni,* 88 AD2d 386, 388, *affd* 58 NY2d 894; *People v Benjamin,* 51 NY2d 267, 271; *People v Samuels,* 50 NY2d 1035, 1037, *cert denied* 449 US 984). Finally, once the officers found weapons in the interior of the car, the officers had probable cause to arrest defendant and to conduct a full-blown search of the automobile at the precinct (*see, United States v Ross,* 456 US 798; *People v Ellis,* 62 NY2d 393; *People v Langen,* 60 NY2d 170, *cert denied* __ US __, 104 S Ct 1287; *People v Landy,* 59 NY2d 369; *People v Belton,* 55 NY2d 49).

With regard to defendant's claim that he was denied his right to a speedy trial pursuant to CPL 30.30, defendant failed to allege sufficient amounts of time chargeable to the People, and thus his claim was properly denied by the trial court (*see, People v Lomax,* 50 NY2d 351). Defendant's constitutional speedy trial claims raised for the first time on appeal have not been properly preserved for appellate review (*see, People v Jordan,* 62 NY2d 825). Additionally, we find that the People established a prima facie case of conspiracy beyond a reasonable doubt, based on telephone records and documents recovered by the police on which were written the complainant's business and home addresses and telephone numbers. Thus, the hearsay statements of an alleged coconspirator were properly admitted into evidence (*see, People v Sanders,* 56 NY2d 51, 62; *People v Salko,* 47 NY2d 230, 237-238). We have reviewed defendant's other contentions on appeal and find them to be without merit. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.