■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WASHINGTON, Appellant.

The People proved beyond a reasonable doubt that defendant knowingly possessed 32 pairs of jeans removed from complainant's warehouse in Freeport, Long Island. Defendant contends, however, that there was insufficient proof to establish that he was in possession of stolen property having a value in excess of $250, a necessary prerequisite for conviction of criminal possession of stolen property in the second degree (Penal Law § 165.45 [1]). The People established that the jeans in question were purchased for $384 shortly before their theft.

Although the jeans were purchased as samples for display there was credible testimony establishing that had the jeans been sold by complainant they would have been valued in excess of $250. There was clearly sufficient proof, therefore, to sustain the jury's finding that the stolen property was valued at over $250.

There was no error in the court's charge, either with respect to instructions going to the method of assessing value, or in the

court's relating the application of law to the facts in the case (CPL 300.10 [2]). The trial court specifically recited the manner in which the value of the property was to be ascertained and sufficiently related the facts to the law to be applied. The trial court did not reduce its charge to the jury to a "bare bones" reading of the law (*People v Ford,* 100 AD2d 941; *People v Gaines,* 80 AD2d 561). Moreover, the critical issue on appellate review "is whether the deficiency, if any, was such as to deny * * * defendant a fair trial" (*People v Culhane,* 45 NY2d 757, 758, *cert denied* 439 US 1047). The charge was adequate and did not deprive defendant of a fair trial.

Finally, although the People admit that they violated Penal Law § 450.10 by returning the stolen property to complainant without court order or notice to defendant, we conclude that the error was neither prejudicial nor committed in bad faith (*People v Angelo,* 93 AD2d 264). In any event, defendant failed to raise any objection, prior to appeal, based upon the People's failure to produce the jeans. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.