■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 20, 1985, convicting him of possession of burglar's tools, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements and physical evidence.

Judgment affirmed.

The defendant, although only a passenger, has standing to challenge the legality of the stop of the vehicle in which he was riding and the seizure of any evidence resulting therefrom *(see, People v Smith,* 106 AD2d 525) as well as the search of his person *(see, People v Barshai,* 100 AD2d 253, 256, *cert denied* 469 US 885). The radio transmission upon which the officers acted initially contained the information

that three male youths were stripping a white Oldsmobile in the vicinity of their patrol and that a U-Haul truck bearing Massachusetts license plate No. A23128 was involved. Since the basis of this communication was never established at the suppression hearing and the information was not then verified by the officers' direct observation of criminal activity, the transmission, by itself, would not have been sufficient to sustain the defendant's arrest (see, People v Elwell, 50 NY2d 231; People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210). However, even though the transmission was unsubstantiated hearsay, the fact that the defendant and his companions matched the broadcast description gave rise to the reasonable suspicion necessary to justify the limited intrusion involved in an automobile stop (see, People v Landy, 59 NY2d 369). Having stopped the vehicle lawfully, the observation of a knife next to the driver's seat supported the frisking of the defendant as a precautionary measure (see, People v Landy, supra; People v Benjamin, 51 NY2d 267; People v Pleban, 108 AD2d 880; People v Livigni, 88 AD2d 386, affd 58 NY2d 894) and the recovery of ratchet wrenches and sockets, tools commonly used for stripping automobiles, in that search, corroborated the radio broadcast sufficiently that probable cause was established (see, People v Elwell, supra). The arrest of the defendant and the search of the vehicle were therefore justified (see, People v Jackson, 111 AD2d 412) and suppression of the fruits of that search and the defendant's subsequent statements were properly denied. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.