■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT YATES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered April 11, 1983, convicting him of burglary in the third degree, grand larceny in the second degree, criminal possession of stolen property in the first degree, grand larceny in the third degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the People adduced sufficient evidence from which the jury could conclude beyond a reasonable doubt that the property which he and his companions stole from the complainant's variety store had a market value in excess of $1,500 (see generally, *People v Irrizari,* 5 NY2d 142; *People v Washington,* 110 AD2d 797). Moreover, viewing the evidence in the light most favorable to the People (see, *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we conclude that there was sufficient proof to establish the defendant's guilt beyond a reasonable doubt of the crimes charged.

Similarly unavailing is the defendant's claim that he was deprived of a fair trial as a result of the court's *Sandoval* ruling. The record demonstrates that the trial court engaged in a thorough balancing of the probative value and the preju-

dicial effect of an inquiry into the defendant's prior convictions *(see, People v Williams,* 56 NY2d 236), and we discern no abuse of discretion in the compromise ruling which it made *(see, e.g., People v Pavao,* 59 NY2d 282; *People v Scott,* 118 AD2d 881).

The defendant's remaining contention concerning the improper release of evidence by the police has not been preserved for appellate review *(see, People v Washington, supra),* nor do we find that the defendant suffered any prejudice as a result of the alleged error *(see, e.g., People v Cruz,* 99 AD2d 406; *People v Angelo,* 93 AD2d 264). Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.