■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 6, 1986, convicting him of burglary in the third degree, grand larceny in the third degree, criminal mischief in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Groh, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Upon viewing the evidence in the light most favorable to the prosecution, we find that it is sufficient as a matter of law to support the defendant's conviction of the crimes charged *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The proof at the trial demonstrates that the defendant, with the requisite intent, unlawfully forced his way into a used car lot and stole a car radio, two car stereo speakers, a desk calculator, and a Xerox copier machine, with an aggregate market value in excess of $250. Under the circumstances, the evidence was legally sufficient to sustain the convictions of grand larceny in the third degree and burglary in the third

degree *(see, People v Yates,* 128 AD2d 571, *lv denied* 69 NY2d 1011; *People v Taylor,* 114 AD2d 428, *lv denied* 66 NY2d 923). The additional fact that the defendant had some of these items in his possession when apprehended by the police supports the conviction of criminal possession of stolen property in the third degree *(see, People v Pasciuta,* 104 AD2d 1010). Finally, the evidence demonstrating that in the course of the burglary the defendant inflicted damage upon the property of another resulting in repair costs in excess of $250 was sufficient to sustain his conviction of criminal mischief in the third degree.

In addition, we find that the police officers possessed sufficient knowledge of criminal activity to justify the limited intrusion involved in the stop and brief detention of the defendant's automobile *(see, People v Ball,* 121 AD2d 551, 552, *lv denied* 68 NY2d 767). The police officers' observation of a brown station wagon with white and blue plates approximating the description given by the eyewitness to the crime, in close proximity to the time and place of the burglary, supported the officers' reasonable suspicion that the occupants of the car had engaged in criminal activity *(see, People v Rivera,* 124 AD2d 682; *see also, People v Landy,* 59 NY2d 369, 376). Furthermore, the eyewitness's unequivocal identification of the defendant as the perpetrator of the burglary increased the level of inference from reasonable suspicion to probable cause to believe that the defendant had committed a crime *(see, Pendergrast v United States,* 416 F2d 776, 785, *cert denied* 395 US 926). Accordingly, the arrest of the defendant and search of his automobile was proper and suppression of the fruits of the search was properly denied *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028). Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.