■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RILEY MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered May 6, 1986, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find that the issue of whether the People should have produced the sender of the radio transmission at the hearing was preserved for appellate review. Although the People did not make any effort to demonstrate the factual basis for the information broadcast to the arresting officer, we find that the arrest and search were lawful based upon the other information adduced at the hearing. The police are authorized to stop a citizen and make inquiry upon a reasonable suspicion that criminal activity is afoot. The confirmation of the information transmitted, i.e., the sighting of a black two-door sedan with a license plate containing the three numbers broadcast with three black male occupants at a location within a short distance from the robbery site and within a short period of time, provided the reasonable suspicion necessary to justify the police approaching the defendant and making an inquiry (see, People v Landy, 59 NY2d 369). Having lawfully stopped the defendant, the police officer's observation of a passenger fleeing the car, and a bag of loose money and ski masks in plain view in the car, in conjunction with the defendant's spontaneous statement, provided probable cause for the defendant's arrest and a search of the car (see, People v Landy, supra; People v Reynolds, 104 AD2d 611).

Finally, we find that the record supports the hearing court's determination that the defendant voluntarily spoke to the detective after knowingly, intelligently and voluntarily waiving his constitutional rights (see, People v Williams, 62 NY2d 285). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.