■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELLE MOSES, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered November 13, 1986, after jury trial, convicting defendant of robbery in the second degree and sentencing him on November 13, 1986 to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

On or about June 16, 1986, at approximately 9:45 P.M., from the roof of the Port Authority Annex, police observed the complainant, an elderly gentleman, sitting on the ground, talking to a group of people consisting of several males and one female. The officers testified that the complainant removed a dark object from his left hip pocket, and that codefendant Hayes grabbed the item and began a struggle with complainant, and that during the course of this struggle complainant was pushed against a fence and the object forcibly taken from him by Hayes. The officers testified that Hayes ran approximately 20 feet and handed the object to defendant. Defendant and Hayes then rounded a corner and fled together. The officers observed defendant drop the dark object, which was complainant's wallet, and continued running, as Hayes ducked out of sight into the shadows of a building. By this time, the officers on the roof had radioed a call for help, and two other officers were in pursuit. The defendant and Hayes were apprehended shortly thereafter and the wallet retrieved. The complainant identified defendant and Hayes at the scene of the crime and again that same evening at the police station.

On cross-examination, neither of the two officers who had observed the scene from the roof recalled defendant as being part of the group surrounding the complainant at the time the wallet was taken. However, the complainant testified that, according to his recollection of the incident, defendant was part of the initial struggle for the wallet.

The jury found both defendants guilty of robbery in the second degree under Penal Law § 160.10, which provides: "A

person is guilty of robbery in the second degree when he forcibly steals property and when: 1. He is aided by another person actually present". On this appeal, defendant alleges that insufficient force was used to qualify the crime as robbery in the second degree and that she was not "another person * * * present" within the meaning of the statute.

While there was some conflict in the testimony regarding whether defendant participated in the struggle to wrest the wallet from the complainant or whether defendant was standing 20 feet away, there was sufficient evidence for a jury to find, beyond a reasonable doubt, that defendant was "actually present" within the meaning of Penal Law § 160.10 (1). Defendant was in plain view of the victim of the robbery and was in a position to aid in the forcible taking of the property and the retention of such property immediately after the taking (People v Dennis, 146 AD2d 708, affd 75 NY2d 821; People v Robinson, 127 AD2d 860). Thus, defendant was a person actually present within the meaning of Penal Law § 160.10.

Defendant's additional contention that insufficient force was used to aggravate the crime to robbery is without merit. The victim's resistance to the taking, in this case, was clearly overcome in the struggle by the victim to retain possession of his wallet. Such force is sufficient to place the crime within the definition of second degree robbery under Penal Law § 160.10 (see, People v Santiago, 62 AD2d 572, affd 48 NY2d 1023). Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.