■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY JAMES, Appellant.—Appeal by the defendant from a judgment of Supreme Court, Kings County (O'Brien, J.), rendered July 8, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although there were minor inconsistencies between the victim's description of his assailant and the defendant's actual appearance at the time of his arrest, the resolution of issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court's charge on identification was inadequate because it failed to provide the jury with detailed instructions to assist them in evaluating the accuracy of the sole complaining witness's identification of the defendant as one of the perpetrators of the crime (see, People v Daniels, 88 AD2d 392) is without merit. Although desirable, a detailed charge on the issue of identification is not required as a matter of law (see, People v Whalen, 59 NY2d 273, 279; People v Beasley, 114 AD2d 415, 416; People v Smith, 100 AD2d 857, 858). "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (People v Whalen, supra, at 279).

The defense counsel failed to request an alibi charge or to object to a lack thereof. Thus, this issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Lassiter,* 161 AD2d 699; *People v Howard,* 153 AD2d 903, 905; *People v Elcock,* 130 AD2d 682; *People v Asquino,* 128 AD2d 792), and we decline to review it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.