■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENT VARRECCHIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered April 18, 1988, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant claims that the court's charge on identification was inadequate because it failed to provide the jury with an expanded charge highlighting that the only evidence linking the defendant to the crime charged was provided by the testimony of one eyewitness. We disagree.

Although desirable, a detailed charge on the issue of identification is not required as a matter of law *(see, People v Whalen,* 59 NY2d 273; *People v James,* 170 AD2d 694). In the present case, where the court gave a general instruction on weighing witness credibility and stated that the defendant's identity as the perpetrator must be proven beyond a reasonable doubt, the court's charge was an accurate statement of the law *(see, People v Whalen, supra; People v James, supra).*

We have examined the defendant's remaining contention and find that it is without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.