■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

THEODORE MILLS, Appellant. [603 NYS2d 510] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered October 23, 1990, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that an incriminatory statement he uttered to the arresting officer and the showup identification procedure conducted immediately prior to his arrest were the fruits of an illegal stop is without merit. Although the People did not make an adequate effort to demonstrate the factual basis for the information contained in the radio transmission broadcast to the arresting officer (see, People v Lypka, 36 NY2d 210), we find that based upon the other information adduced at the hearing, the arrest of the defendant was lawful. The police are authorized to stop a vehicle and make inquiry upon "a *reasonable* suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (People v Sobotker, 43 NY2d 559, 563; see, People v Hicks, 68 NY2d 234; People v Wade, 143 AD2d 703, 705; People v Adams, 123 AD2d 769). Here, the arresting officer's confirmation of the information he received in the radio transmission describing the make, model, and color of a vehicle which had been involved in a robbery, and its occupants, where the vehicle was observed within close temporal and geographical proximity to the robbery, provided the reasonable suspicion necessary to justify the arresting officer's pursuit and ultimate stop of the vehicle (see, People v Landy, 59 NY2d 369; People v Mitchell, 143 AD2d 947, 948; People v Jackson, 134 AD2d 283, 284; People v Rivera, 124 AD2d 682; People v Ball, 121 AD2d 551, 552). Having been lawfully stopped, the defendant's spontaneous statement to the arresting officer as he emerged from the vehicle that he "didn't rob anybody", coupled with the complainant's identification of him as the assailant a few minutes later, provided the requisite probable cause for the defendant's arrest (see, People v Landy, supra; see, e.g., People v Mitchell, supra; People v Jackson, supra).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the People (see, People v

*Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt of robbery in the second degree under the first count of the indictment. Specifically, the evidence adduced at trial was legally sufficient to establish that the driver of the vehicle from which the defendant emerged before allegedly robbing a gas station attendant was "another person actually present" so as to support the defendant's conviction for robbery in the second degree under count one of the indictment *(see,* Penal Law § 160.10 [1]; *People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821; *see also, People v Johnston,* 182 AD2d 707; *People v Moses,* 162 AD2d 311; *People v Casmento,* 155 AD2d 229). The defendant's contention with respect to the legal sufficiency of the evidence pertaining to count two of the indictment *(see,* Penal Law § 160.10 [2] [a]) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), and, in any event, is without merit.

The defendant's contentions with respect to the adequacy of both the court's initial instruction to the jury and its supplemental instructions in response to the jury's inquiries with respect to the identification evidence adduced at trial are without merit *(see, People v Perez,* 77 NY2d 928, 929; *People v Whalen,* 59 NY2d 273, 279; *People v Martinez,* 186 AD2d 824, 825; *People v Varrecchia,* 186 AD2d 605, 606; *People v James,* 170 AD2d 694; *People v Sorrentino,* 138 AD2d 760; *People v Robertson,* 128 AD2d 815, 816; *People v Daniels,* 88 AD2d 392; *see also,* CPL 310.30; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Ellis,* 183 AD2d 534, *affd* 81 NY2d 854).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.