■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABE CHARON, Appellant. [614 NYS2d 214] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 29, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feinberg, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant moved to suppress physical evidence, identification testimony, and his statements to law enforcement officials on the ground that his arrest had been unlawful.

We find unpersuasive the defendant's contention that the

hearing court erred in denying the suppression motion. The description of the suspect that was transmitted to the arresting officer was sufficiently detailed, and corroborated by the officer's independent observations, to justify stopping the defendant in close temporal and geographical proximity to the robbery *(see, People v Sattan,* 200 AD2d 640; *People v Mills,* 198 AD2d 236). Moreover, the hearing testimony of the officer who sent the transmission regarding his conversation with the robbery victim amply establishes that there was probable cause for the defendant's arrest *(see, People v Bellinger,* 74 NY2d 633; *People v Petralia,* 62 NY2d 47; *cf., People v Parris,* 83 NY2d 342). This probable cause was imputed to the arresting officer who subsequently received the information. In view of the fact that the police had probable cause to arrest the defendant, they clearly had a valid basis for engaging in the less intrusive conduct of briefly detaining him for the limited purpose of conducting the showup identification that led to his arrest *(see, People v Hicks,* 68 NY2d 234).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.