THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTINE OLSEN, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated September 2, 1981, which, after a hearing granted that branch of defendant's omnibus motion which sought suppression of physical evidence and statements. Order reversed, on the law and the facts, and that branch of defendant's motion which sought suppression of physical evidence and statements denied and matter remitted to the Supreme Court, Queens County, for further proceedings. The proper analysis in assessing the reasonableness of police conduct "is to examine the predicate for the police action and then determine whether or not that predicate justified the extent of the official intrusion on the individual. Thus, the predicate established defines the scope of permissible police conduct" (*People v Stewart,* 41 NY2d 65, 66). While a telephone call from an anonymous source furnishing a general description and location of "a man with a gun" will justify a belief that criminal activity is afoot (*People v Bruce,* 78 AD2d 169, 172; cf. *People v Cantor,* 36 NY2d 106), it does not, by itself, constitute reasonable suspicion to stop and frisk anyone who happens to fit that description (*People v La Pene,* 40 NY2d 210; CPL 140.50). Such a predicate triggers only the police officer's common-law right to detain to the extent necessary to obtain explanatory information (*People v De Bour,* 40 NY2d 210, 223; *People v Cantor, supra,* p 114). This limitation on police conduct follows from the inability to ascertain the informant's reliability or basis of knowledge (compare *People v De Bour, supra,* pp 224-225, with *People v Elwell,* 50 NY2d 231). To sustain more intrusive conduct, the quality of the information must be otherwise established. In order to give rise to probable cause to arrest or to search, the police must observe facts suggestive of criminal activity (*People v Elwell, supra,* p 237). By contrast, the requirement of reasonable suspicion for performing a protective pat down (see *Terry v Ohio,* 392 US 1, 23; *People v Wynn,* 54 AD2d 366), has been met when the police have been able to confirm, by personal observation, details supplied by the informant which are personal in nature and not in any way suggestive of criminal activity, but which are nonetheless so specific and congruous with that which was actually encountered that the reliability of the information could reasonably be assumed (see, e.g., *People v Kinlock,* 43 NY2d 832; *People v Williams,* 41 NY2d 65; *People v Sustr,* 73 AD2d 582; cf. *People v Bruce,* 78 AD2d 169, 174, *supra*). The facts of this case provide an example of the foregoing proposition. While the initial information imparted to the officer ("man with a gun"), was insufficient, subsequent information from the informant, to the effect that there were three people at the end of the bar and that the one in the middle, wearing blue jeans and a blue jacket had a gun, pinpointed the defendant as the only individual fitting that description in that particular location. The specificity of the description in this case is what distinguishes it from *People v La Pene* (40 NY2d 210, 221-226, *supra*), upon which defendant relies. There a tip reported: "a male Negro with a gun,

wearing a red shirt, in a place called Jean's Bar". In invalidating the frisk, the court characterized the description as sufficiently vague as to apply to any number of people and particularly noted that the police never even checked to see if there were any other black men with red shirts present. By contrast the description in the case at bar singled out the defendant. Under the circumstances, the police had reason to credit the information that the defendant was armed and, therefore, acted prudently to secure their own safety. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.