■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACEO STEVENSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered May 4, 1982, convicting him of attempted murder in the second degree, three counts of robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain evidence.

Judgment affirmed.

On September 21, 1981, at approximately 11:45 P.M., complainant Gregory Myers was waiting for a friend on Lefferts Avenue in Brooklyn. He testified at trial that the defendant and two others approached and stood directly in front of him. He clearly saw the faces of the three men in the well-lit street. The defendant displayed a gun, another a knife and a third perpetrator removed Myers' tan jacket which contained $15. Putting the gun to Myers' head, the defendant told him there was a bullet in it and threatened to kill him. He pulled the trigger, but the gun failed to discharge. After the defendant brutally assaulted Myers with the gun, the three men fled down Kingston Avenue. Officers Donahue and Trimboli responded to a call from an unidentified witness to the crime. After giving the officers a description, Myers rode with them searching the surrounding area for his assailants. Within 10 to 15 minutes, Myers spotted the three perpetrators on Lefferts Avenue and positively identified them. The man who had removed Myers' tan jacket was still

holding it. As Officer Donahue approached the three men, he saw defendant throw a gun to the ground. The three men were placed under arrest. As the defendant was being handcuffed, he asked Officer Donahue on what charges he was being arrested. The officer responded, "For robbery and for possession of the gun". The defendant then said, "All right. Its my gun, but I didn't do any robbery". At the precinct, a gravity knife and $15 were recovered from the three men.

The trial court denied the defendant's pretrial motion to suppress the street identification, the property recovered, and the defendant's statements. Defendant now challenges these rulings, arguing that the identification procedure was suggestive, that the resulting arrest was illegal and that his statements were triggered by improper police tactics. He also alleges various trial errors and the excessiveness of his sentence.

In view of the fact that Myers' description was accurate, that he had an adequate opportunity to observe defendant's features during the incident, that he demonstrated a high degree of certainty and that less than half an hour elapsed between the incident and the identification, the trial court properly denied that branch of defendant's motion which was to suppress the identification (see *People v Brnja,* 50 NY2d 366; *People v Soto,* 87 AD2d 618; *People v Digiosaffatte,* 63 AD2d 703). The police acted properly in arresting the defendant based on information provided by the complainant (see *People v Olsen,* 93 AD2d 824). Moreover, Officer Donahue's subsequent observation of a gun in defendant's possession provided independent probable cause to arrest him (see *People v Olsen, supra*). Defendant's argument that Officer Donahue deliberately prompted him to make a statement must fail. The officer's terse and specific response to defendant's question can in no way be viewed as the functional equivalent of interrogation (see *People v Rivers,* 56 NY2d 476; *People v Stoesser,* 53 NY2d 648). Accordingly, the trial court's denial of that branch of defendant's motion which was to suppress his statement was proper. While the trial court's reference in its charge on reasonable doubt to "if your minds are wavering or if the scales are even" was error (*People v Ortiz,* 92 AD2d 595; *People v Melville,* 90 AD2d 488), when read as a whole, the charge conveyed the correct rule of law to the jury and, therefore, furnishes no basis for reversal (*People v Webb,* 97 AD2d 779; *People v Thompson,* 97 AD2d 554). Guilt in this case was clearly proven beyond a reasonable doubt and no evidence of prosecutorial misconduct is presented by the record. The trial court's ruling on the *Sandoval* (see *People v Sandoval,* 34 NY2d 371) motion was clearly within its discretion. Finally, the record

presents no factor to justify a downward modification of the sentence imposed (*People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.