■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN TILLMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered January 6, 1982, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence and a statement.

Judgment affirmed.

The arresting officer was given a detailed description, by an informant who had proven reliable in the past, of an armed man who had narcotics on him. Upon arriving at the indicated location, the officer spotted defendant, who closely matched the informant's description. He got out of the car with his gun drawn, accompanied by two other officers, and told defendant "don't move, police officer". From a distance of about 10 feet from the defendant, the officer noticed a bulge in defendant's left jacket pocket, and, after a pat down, recovered 42 glassine envelopes allegedly containing heroin. Defendant was arrested and given his *Miranda* rights. Upon further search, an additional 52 glassine envelopes of alleged heroin and four tin foils of alleged cocaine were recovered. No gun was found. Defendant was taken to the station house where he was read his *Miranda* rights, and indicated his willingness to make a statement. The statement was written down, signed by defendant and witnessed by the arresting officer's supervisor.

Defendant's reliance on *People v Elwell* (50 NY2d 231) is misplaced. The court there was addressing the issue of probable cause for a full-scale warrantless search, rather than, as here, a reasonable suspicion for performing a protective pat down (*People v Olsen,* 93 AD2d 824; *People v Bruce,* 78 AD2d 169, 174). Here, there was sufficient detail in the informant's tip, coupled with personal observation of the police, to credit the information that defendant was armed (*People v Olsen, supra,* p 825). The officers acted prudently to secure their own safety. Defendant's station house statement was made voluntarily and consciously after being fully advised of his rights (cf. *People v Kaye,* 25 NY2d 139). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.