■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ARANGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered February 5, 1985, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Justice Niehoff has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

On January 18, 1983, at approximately 10:00 P.M., Officer Francis Mangiacapre was approached by an unknown informant who told him there were two men in Dottie's Bar and Grill armed with an automatic pistol and a sawed-off shotgun. Mangiacapre and fellow officers entered the bar and frisked the patrons, without result. About 40 minutes later, while Officer Mangiacapre was on radio patrol, a car containing 4 or 5 individuals pulled up alongside the patrol car and the driver informed Mangiacapre that the two individuals he was looking for were in the Pinta Di Blu. This person described the purportedly armed individuals as (1) a young, white male with blonde hair wearing a hat, and (2) an older man. Both were said to be sitting at the bar next to each other. Officer Mangiacapre did not know this informant, but recognized him from the area.

Upon arrival at the Pinta Di Blu, Officer Mangiacapre observed through a window two men matching the description sitting at the bar. Several other patrons not matching the description were sitting at the bar several feet from the suspects. He entered the bar, approached the two, drew his service revolver, identified himself as a police officer and ordered them not to move. He then patted down the defendant and felt a bulge in the left waistband of the defendant's pants

that felt like a gun. Officer Mangiacapre then advised the officers with him that he thought the defendant had a gun. The defendant attempted to stand up, and two police officers held him against the bar while Officer Mangiacapre removed a gun.

Officer Mangiacapre received two direct tips, one which was specific as to description of the individuals and their location. This specific information conveyed was congruous with that which was actually encountered so that its reliability could be assumed *(see, People v Benjamin,* 51 NY2d 267). Officer Mangiacapre had a reasonable basis for suspecting that the defendant was armed and dangerous *(see, People v Russ,* 61 NY2d 693), and, under the circumstances, had the right to conduct a patdown search *(People v Olsen,* 93 AD2d 824). Thus, that branch of the defendant's motion which was to suppress physical evidence was properly denied. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.