**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICK HUMPHREY, Appellant**

The defendant was tried and convicted for the burglary of the Astoria Superette (hereinafter the store) during the early morning hours of October 15, 1982. He claims that the evidence, especially regarding his intent to commit a crime in the store, was insufficient. However, it is well established that the standard for reviewing the legal sufficiency of the evidence in a criminal case is whether, after viewing the evidence in a light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), any rational trier of fact could have found that the defendant's guilt of the charged crimes had been proven beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319; *People v Lewis,* 64 NY2d 1111, 1112; *People v Contes,* 60 NY2d 620, 621; *People v Bauer,* 113 AD2d 543, 548; *People v Brensic,* 119 AD2d 281).

In this case two officers testified to seeing the defendant, who had no permission to be in the store, exit the premises at 3:40 A.M. after it had been locked up for the night. We must assume the jury credited this testimony *(see, People v Benzinger,* 36 NY2d 29, 32). Intent is usually proven by circumstantial evidence and competing inferences, if not unreasonable, are decided by the trier of fact *(People v Barnes,* 50 NY2d 375, 381). Given the wrecked condition of the store and the officers' testimony that the defendant carried an item out of the store, it was not unreasonable for the jury to find that the defendant intended to commit a crime in the store *(People v Barnes, supra,* at p 381).

The defendant argues that the trial court committed reversible error by using the phrase "if your minds are wavering or the scales are even" while charging the jury regarding reasonable doubt. However, the defendant failed to preserve this objection for this court's review *(see, People v Contes, supra,* at p 621). Even if we were to reach the issue in the interest of justice, reversal would not be warranted because the charge as a whole was proper *(see, People v Stevenson,* 104 AD2d 835).

The defendant also alleges reversible error for the failure of the trial court to give a missing witness instruction with respect to the People's failure to present the arresting officer. However, the defendant made no showing that the arresting

officer's testimony was material or would have contradicted the People's case *(see, People v Almodovar,* 62 NY2d 126; *People v Jackson,* 111 AD2d 412). Furthermore, the identity of the arresting officer had been revealed to the defendant, who could have called him as a witness had he chosen to do so.

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.