■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BATASH, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Friedmann, J.), all rendered November 4, 1987, convicting him of grand larceny in the third degree under indictment No. 5735/86, criminal possession of stolen property in the first degree under indictment No. 6598/86, and criminal possession of a

weapon in the third degree under indictment No. 8030/86, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 8030/86 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgments are affirmed.

The defendant contends that an anonymous tip, which gave the make, license plate number, and color of a car allegedly involved in a drug-related armed robbery, was insufficient to justify the action taken by the police. Where the information conveyed is so specific and congruous with that which is actually encountered, the police may reasonably infer its reliability so as to support a reasonable suspicion justifying intrusive police action and even a protective pat down *(see, People v Benjamin,* 51 NY2d 267; *People v Gray,* 154 AD2d 301; *People v Olsen,* 93 AD2d 824). In this case the police officers noticed a vehicle that bore the exact license plate number and was of the same make as the information conveyed by the informant. As the police were identifying themselves and approaching the vehicle, one of its occupants stepped out and began to run down the block. One of the officers apprehended this occupant and the other two officers told the other two occupants of the car to place their hands on the dashboard. The defendant instead "grabbed" a paper bag containing a .38 caliber revolver beneath his seat. The police were justified in taking reasonable measures in response to "factors rapidly developing or observed at the scene" *(People v Benjamin, supra,* at 270). Considering the totality of the circumstances, including the specific anonymous tip and the factors observed at the scene, there was an ample measure of reasonable suspicion necessary to justify the limited intrusion that produced the loaded revolver. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.