■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BENBOW, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 18, 1989, convicting him of attempted robbery in the first degree (three counts) and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, that branch of his omnibus motion which was to suppress evidence based upon the alleged lack of probable cause for his arrest was properly denied. The arresting officer was clearly justified in following the vehicle operated by the defendant, as it matched the description of an automobile set forth in a radio transmission regarding an attempted robbery by two black males in a white Audi bearing New Jersey license plates and last seen heading in his direction. Moreover, the officer had reasonable suspicion to stop the vehicle based on his additional observations that it was being operated erratically and that the defendant and his passenger generally fit the broadcast description and appeared to be slouched down in their seats to escape detection (see, People v Ingle, 36 NY2d 413; People v Buckley, 147 AD2d 898, affd 75 NY2d 843; People v Byrd, 156 AD2d 374; People v Jefferson, 155 AD2d 620). Additionally, there was ample probable cause for the defendant's arrest, as he disregarded directions to stop, collided with several other vehicles in attempting to flee the scene, and attempted to take the arresting officer's handgun when the officer approached the automobile (see, People v Jones, 149 AD2d 970).

The defendant's pro se contention that the evidence pre-

sented to the Grand Jury was insufficient to support his indictment for the charged offenses has been waived by his entry of a guilty plea to those charges *(see, People v Taylor,* 65 NY2d 1). We have considered the defendant's remaining *pro se* contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.