■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWELL S. GRANT, Appellant. [620 NYS2d 358] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 5, 1991, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The court's inadvertent submission of the attempted murder count, which had been dismissed prior to trial, was rendered harmless by defendant's acquittal on that count. Inadvertent submission of a count not contained in the indictment requires no further remedy than the one supplied by the jury's verdict *(see, People v Scott,* 93 AD2d 754). The mere presence of the attempted murder count was not inherently prejudicial *(People v Brown,* 83 NY2d 791, 794), nor did it have any discernible effect on defense strategy *(People v Miller,* 70 NY2d 903, 907), which was based on self-defense and denial of intent to either kill or injure the complainant. For the same reasons, defense counsel's failure to ascertain the disposition of his pretrial motion did not deprive defendant of the effective assistance of counsel.

The People's disclosure, during jury selection, of their intent to cross-examine defendant about newly discovered prior bad acts that had not resulted in arrests, was timely under CPL 240.43 because it was made as soon as practicable *(People v Brown,* 202 AD2d 266, *lv denied* 83 NY2d 964). In any event, we find any error in the timing of the People's disclosure to be inadequately preserved and harmless.

The court's ultimate *Sandoval* ruling was not an abuse of

discretion *(People v Pavao,* 59 NY2d 282, 291-292; *People v Handy,* 123 AD2d 398, 399). There is no hard and fast rule that a defendant charged with an assault may not be questioned about another assault *(People v Pavao, supra,* at 291). In any event, the questions merely elicited defendant's denials of the bad acts, followed by prompt and appropriate instructions by the court that only answers, not questions, are evidence. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.