■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DERRICK LEGETTE, Respondent. [664 NYS2d 606] —Appeal by the People from an order of the County Court, Suffolk County (Corso, J.), dated March 29, 1996, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law, and the motion is denied.

On April 11, 1995, at approximately 9:45 P.M., a Suffolk County police officer received an anonymous telephone tip that Derrick Legette and Steven McDaniels had gone to New York City to pick up cocaine and would be returning to Suffolk County with the cocaine concealed in their shoes. The informant stated that Legette and McDaniels would be in a white "Lincoln Mark VIII", license plate number G534WA, and that the car would be exiting from the Southern State Parkway at the County Line Road exit at approximately 10:15 P.M.

This information was conveyed to two officers who were on patrol, both of whom happened to know Legette. One of the two officers testified that he "used to see Derrick Legette almost * * * on a daily basis". He testified that Legette had previously been arrested on more than one occasion for "Aggravated Unlicensed Felony" and that he had responded to calls at Legette's residence for "domestic problems". The second officer testified that because he and his partner were "sector operators in the North Amityville area" they had "occasion to run into" Legette. This officer also testified that when the vehicle mentioned by the anonymous informant was described to him, he knew it was Legette's vehicle.

At approximately 11:00 P.M., after having undertaken a surveillance of the area described by the informant, the two officers observed Legette's vehicle traveling on County Line Road. The officers followed Legette's car for a certain distance, then signaled to the driver to stop. During the course of the subsequent inquiry, the police determined that McDaniels, the driver, had a suspended license and he was arrested for that reason.

Legette, who was seated on the passenger's side of the vehicle, became very agitated and emotional. He made references to a gun in the trunk of the car. He later pushed past one of the officers and fled on foot. One of his sneakers fell off during his flight and, upon recovering this sneaker, the police found a clear plastic bag about the size of a baseball with a white powdery substance inside.

The County Court suppressed the cocaine recovered from Legette's sneaker and the statements he made to the police following his arrest. On this appeal by the People, we reverse.

In order to justify the stop of the white Lincoln, the police needed a "reasonable suspicion" that McDaniels and Legette had been, were then, or were about to be engaged in criminal conduct (*see, People v Sobotker,* 43 NY2d 559; *People v De Bour,* 40 NY2d 210; *People v Ingle,* 36 NY2d 413; *People v Bianchi,* 208 AD2d 551, *affd* 85 NY2d 1022; *People v Bond,* 227 AD2d 412, *lv granted* 88 NY2d 1019). The County Court held that the police did not have a "reasonable suspicion" because, although the police had corroborated various details of the anonymous tip through their personal observations, nothing observed by the officers was inherently indicative of criminal conduct (*see, People v Elwell,* 50 NY2d 231).

The County Court incorrectly applied the standard of proof which, according to *People v Elwell (supra),* must be met if an anonymous tip is to be the basis of a finding of probable cause

(*see also, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). The *"Aguilar-Spinelli"* test, as framed in *People v Elwell (supra),* need not be satisfied where the necessary predicate for justifying the police action under review is the less demanding standard of reasonable suspicion (*see, People v Chase,* 85 NY2d 493, 500-502; *People v Landy,* 59 NY2d 369; *People v Kinlock,* 43 NY2d 832, *affg* 55 AD2d 627; *People v Jones,* 230 AD2d 752; *People v Batash,* 163 AD2d 399; *People v Olsen,* 93 AD2d 824; *see also, Alabama v White,* 496 US 325; *Adams v Williams,* 407 US 143; *but see, People v Phillips,* 225 AD2d 1043; *People v Letts,* 180 AD2d 931). The tip in this case did not lack specificity which "robbed it of much of its circumstantial reliability" (*People v Earley,* 76 AD2d 335, 340). On the contrary, it contained details "so specific and congruous with that which was actually encountered that the reliability of the information could reasonably be assumed" (*People v Olsen, supra,* at 824; citing *People v Kinlock, supra; People v Williams,* 41 NY2d 65; *People v Sustr,* 73 AD2d 582; *People v Bruce,* 78 AD2d 169, 174; *see also, People v Maye,* 206 AD2d 755).

Accordingly, the stop of the vehicle in which Legette was a passenger was not improper and those branches of his omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities should have been denied. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.