■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CAESAR COLUCCI, Respondent. [701 NYS2d 446] —Appeal by the

People from an order of the Supreme Court, Suffolk County (Mullen, J.), dated November 9, 1998, which granted the defendant's motion to suppress physical evidence.

Ordered that the order is reversed, on the facts and on the law, and the motion is denied.

Based on our review of the record, we conclude that the officers who stopped the defendant's vehicle prior to his arrest had a reasonable suspicion to do so based on the detailed information which had been received during a face-to-face interview with an informant, many of the details of which were confirmed before the stop (see, People v Legette, 244 AD2d 505; People v Jones, 230 AD2d 752; People v Maye, 206 AD2d 755; People v Batash, 163 AD2d 399; People v Ball, 121 AD2d 551; People v Olsen, 93 AD2d 824). The officers' subsequent observation of gambling records in the vehicle, and their verification of the fact that the defendant's license to drive had been suspended, provided probable cause for the defendant's arrest.

Because the officers needed only a reasonable suspicion and not probable cause to justify the initial stop of the defendant's vehicle, it was not necessary to meet the test for probable cause defined in People v Elwell (50 NY2d 231; see, People v Legette, supra). "[S]ince the standard of reasonable suspicion to stop is lower than the standard of probable cause for an arrest, a less stringent standard should apply for screening tips in the stop context—i.e., an officer may stop on less or different information than probable cause would require" (People v Moore, 32 NY2d 67, 70, cert denied 414 US 1011). In this case, the Supreme Court erred to the extent that it applied the Aguilar-Spinelli test (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410) as defined in People v Elwell (supra). The Supreme Court, in effect, required the People to establish probable cause that the defendant had committed a crime, even though the People needed to establish only the existence of reasonable suspicion in order to justify the stop, a significantly lower burden (see, People v Moore, supra), and one which we find the People have satisfied. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.