■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE REYES, Appellant. [708 NYS2d 82] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered February 18, 1997, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied in all respects. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The seizure of defendant was based on probable cause (see, People v Brnja, 50 NY2d 366), or, at minimum, reasonable suspicion justifying a nonarrest detention for identification in which handcuffing was appropriate under the circumstances (see, People v Allen, 73 NY2d 378; People v Pagan, 227 AD2d 133, lv denied 88 NY2d 991; People v Tucker, 223 AD2d 424). In the early morning hours, defendant, who met a description of a robbery suspect, was found hiding under bushes in a park. When the arresting officer identified himself and told defendant not to move, defendant fled, jumped off a cliff, and continued hiding under bushes until located by police dogs. Contrary to defendant's argument, his actions clearly signified that he was evading the police.

The showup identification was proper, since it was conducted in close geographic and temporal proximity to the crime and was not rendered unduly suggestive by the fact that defendant was handcuffed and was in the presence of police officers (*see, People v Duuvon*, 77 NY2d 541). The stolen property found on defendant's person was properly recovered pursuant to a lawful search incident to arrest and defendant's post-arrest statements were knowingly and voluntarily made after a waiver of his *Miranda* rights.

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.