THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE COX, Appellant. [934 NYS2d 170]—

The court properly denied defendant's motion to suppress physical evidence and identification testimony as fruits of an allegedly unlawful arrest. The totality of the circumstances provided probable cause for defendant's arrest. The police observed defendant being chased by another man, while a woman pointed frantically at the men. When the uniformed police ordered the men to stop, the pursuer stopped and identified himself to the officers, and informed them that defendant, who continued to flee, had just "robbed the lady of her chains." The difference in behavior between the pursuer and the pursued made it obvious which man was the criminal (*see e.g. People v Lopez*, 258 AD2d 388 [1999], *lv denied* 93 NY2d 1022 [1999]), and defendant's arguments to the contrary are without merit. Regardless of whether the police already had probable cause at this point, the level of suspicion clearly escalated to that level when the police found defendant in the backyard of a residence hiding under a children's wading pool (*see e.g. People v Reyes*, 272 AD2d 244 [2000], *lv denied* 95 NY2d 907 [2000]), and when he put up a struggle (*see e.g. People v Flow*, 37 AD3d 303, 304 [2007], *lv denied* 9 NY3d 843 [2007]).

We have considered and rejected defendant's arguments concerning the resubmission of certain charges to the grand jury. Any error was rendered harmless by defendant's acquittal

of those charges (*see e.g. People v Grant*, 210 AD2d 166 [1994], *lv denied* 85 NY2d 862 [1995]). Nothing in the record supports defendant's claim that he was nonetheless prejudiced. Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.