THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CRUZ, Appellant. [27 NYS3d 643]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered October 2, 2013, convicting him of robbery in the first degree (nine counts), robbery in the second degree (five counts), burglary in the first degree (five counts), burglary in the second degree, criminal possession of a weapon in the fourth degree (two counts), unlawful imprisonment in the second degree (three counts), attempted unlawful imprisonment in the second degree, assault in the second degree (two counts), resisting arrest, criminal possession of stolen property in the fifth degree, and escape in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Calabrese, J.), of the suppression of the defendant's statements to law enforcement officials, identification testimony, and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of statements he made after his arrest. The totality of the circumstances establishes that the statements were voluntarily made after the defendant knowingly and voluntarily waived his *Miranda* rights (*see Miranda*

*v Arizona*, 384 US 436 [1966]; *People v Shears*, 40 AD3d 661, 662 [2007]; *People v Morales*, 228 AD2d 525 [1996]; *People v Cureton*, 139 AD2d 756 [1988]).

The defendant's contention that there was no probable cause for his warrantless arrest because the People failed to satisfy the two-pronged *Aguilar-Spinelli* test (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]) is unpreserved for appellate review, since the defendant failed to raise this specific argument in support of suppression before the hearing court (*see* CPL 470.05 [2]; *People v Jackson*, 105 AD3d 866, 868 [2013]). In any event, the People did not have to satisfy the basis-of-knowledge prong of the *Aguilar-Spinelli* test. Instead, they were required to meet the less demanding reasonable suspicion standard (*see People v Argyris*, 99 AD3d 808, 810 [2012], *affd* 24 NY3d 1138 [2014]; *People v Colucci*, 268 AD2d 531 [2000]). Here, the police had reasonable suspicion to stop the vehicle in which the defendant was a passenger on the basis of the information a police sergeant received from police radio transmissions (*see People v Ceruti*, 133 AD3d 610, 611 [2015]; *People v Fields*, 127 AD3d 782, 783 [2015]; *People v Argyris*, 99 AD3d at 810; *People v Fleming*, 65 AD3d 702, 703 [2009]). Reasonable suspicion then escalated to probable cause for arrest when, according to the police sergeant's hearing testimony, the defendant "knock[ed]" the police sergeant off of him and fled the scene (*see People v Mc-Donald*, 285 AD2d 615 [2001]; *People v Elmore*, 236 AD2d 851, 852 [1997]; *People v Troche*, 185 AD2d 368 [1992]; *People v Benbow*, 170 AD2d 456 [1991]). Thus, the hearing court properly denied suppression of the defendant's statements, the identification testimony, and the physical evidence.

Since there was probable cause to arrest the defendant, the defendant was properly charged with escape in the third degree and resisting arrest (Penal Law §§ 205.05, 205.30).

The defendant's contention that the prosecution failed to establish his guilt of burglary in the first degree, robbery in the second degree, and assault in the second degree beyond a reasonable doubt because the complainants did not sustain a "physical injury" within the meaning of Penal Law § 10.00 (9) is unpreserved for appellate review, as it was not raised with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Saeed*, 60 AD3d 975, 977 [2009]; *People v Alston*, 42 AD3d 468, 469 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the jury's finding of physical injury

(*see People v Saeed*, 60 AD3d at 977; *People v Williams*, 23 AD3d 589, 590 [2005]; *People v Rivera*, 183 AD2d 792, 793 [1992]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the subject counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the People failed to present legally sufficient evidence that property was stolen with respect to his convictions of robbery in the first degree and robbery in the second degree under counts one, two, four, five, seven, eight, ten, and eleven of the indictment is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree and robbery in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the subject counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Based upon the record before us, the defendant received the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The defendant's contention that the sentencing court penalized him for exercising his right to a jury trial is unpreserved for appellate review since he did not set forth this issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Martinez*, 55 AD3d 753, 754 [2008]). In any event, the defendant's contention is without merit. The fact that the sentence imposed after trial was greater than that offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (*see People v Valery*, 135 AD3d 975 [2016]). There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea and his exercise of the right to a jury trial (*see id.*; *People v Garcia*, 46 AD3d 573 [2007]). Moreover, the sentence imposed was not excessive (*see People Suitte*, 90 AD2d 80 [1982]). Finally, that two of the defendant's codefendants received lesser sentences than the defendant does not render the defendant's sentence excessive under the circumstances of this case (*see People v Bryant*, 82 AD3d 1114 [2011]; *People v Scott*, 55 AD2d 963 [1977]).

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.