■ In the Matter of LIVAN F., a Person Alleged to be Juvenile Delinquent, Appellant. [33 NYS3d 220]—

Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about August 6, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the seventh degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress a bag containing drugs, which he discarded while fleeing from the police. The recovery of the drugs was not the product of any unlawful police conduct.

Once the police arrived at the location specified in a radio report of a fight among about 20 youths involving sticks and other weapons, a security guard informed the police that three male youths, who seemed to have initiated the fight, had fled east. The guard described one of them as having a "medium" complexion and wearing a white shirt. Contrary to appellant's contention, the face-to-face encounter with the security guard was significantly more reliable than an anonymous tip (*see People v Wallace*, 89 AD3d 559, 560 [1st Dept 2011], *lv dismissed* 18 NY3d 963 [2012]; *People v Herold*, 282 AD2d 1, 6 [2001], *lv denied* 97 NY2d 682 [2001]). Just a few minutes after the police had received the radio report, they found three youths about 1½ blocks east of where they had encountered the security guard, and the testifying officer noticed that appellant's shirt and skin tone matched the description provided by the guard.

Although that description was fairly generic, once appellant made eye contact with the two uniformed police officers and then immediately grabbed the right side of his waistband, turned around, and started running away from the police, the totality of the circumstances gave rise to reasonable suspicion justifying the police pursuit of appellant (*see People v Pitman*, 102 AD3d 595, 596 [1st Dept 2013], *lv denied* 21 NY3d 1018 [2013]). The testifying officer convincingly explained that he recognized appellant's act of touching his waistband as a sign that he had a handgun, based on the officer's training and experience, confirming his suspicion that appellant might be armed based on his match with a description of a youth who had initiated a large, armed and possibly gang-related fight (*see People v White*, 117 AD3d 425 [1st Dept 2014], *lv denied* 23 NY3d 1044 [2014]).

Appellant's argument that the testifying officer failed to identify him in court, and that the presentment agency failed to present any witness who could testify that appellant was the person who was chased and arrested by the police, is unavailing. The testifying officer described the relevant facts leading up to and including his own recovery of the bag, based on his firsthand observations. Accordingly, his testimony established all the facts necessary to establish the legality of the police conduct, which was the only issue to be decided at the suppression hearing. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.