■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN HILL, Also Known as MIKE ANTHONY FLOYD, Appellant. [57 NYS3d 133]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 19, 2013, as amended February 25, 2013, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 10 years, unanimously affirmed. Judgments, same court (Edward J. McLaughlin, J.), rendered September 27, 2013, convicting defendant, upon his pleas of guilty, of attempted murder in the second degree, robbery in the first degree and conspiracy in the second degree and sentencing him to an aggregate term of 13 years, concurrent with the aforementioned sentences, unanimously affirmed.

At defendant's trial, the court accepted a partial verdict of guilty of two weapon possession counts and declared a mistrial as to the remaining counts. Defendant then pleaded guilty to a first-degree robbery count upon which the jury had failed to reach a verdict. Defendant also pleaded guilty to attempted murder and conspiracy under a second indictment. Defendant does not seek vacatur of the pleas under the second indictment, but only claims that the aggregate 13-year sentences on those convictions were excessive.

In connection with his guilty pleas, defendant made a valid waiver of his right to appeal (*see People v Bryant*, 28 NY3d 1094 [2016]). Both the written waiver form and the plea colloquy clarified that the waiver of the right to appeal was separate from the forfeitures automatically resulting from a guilty plea. This waiver forecloses defendant's suppression claim to the extent it relates to his robbery conviction, his double jeopardy claim relating to his continued prosecution for robbery after the mistrial, and his excessive sentence claims as to all convictions by guilty pleas. Defendant's argument that the waiver does not apply to his double jeopardy claim is without merit, because there was no express exception to that effect in the written waiver (*see People v Muniz*, 91 NY2d 570 [1998]).

Regardless of whether defendant made a valid waiver of his right to appeal with regard to his plea convictions, we find no basis for reversal or modification of those convictions. Continued prosecution of the robbery charge upon which the jury had failed to agree did not violate defendant's protection against double jeopardy, because the court providently exercised its discretion in granting a mistrial on that count based on its record-based finding that the jury was hopelessly deadlocked (*see*

*e.g. Matter of Rivera v Firetog*, 11 NY3d 501 [2008]; *Matter of Plummer v Rothwax*, 63 NY2d 243 [1984]).

The court properly denied defendant's motion to suppress a pistol that he discarded. Initially, we note that, contrary to the People's assertion, the appeal waiver is inapplicable to defendant's challenge to the denial of his suppression motion insofar as it pertains to the trial conviction. In any event, defendant's contention that the deployment of a police dog constituted an arrest without probable cause is unpreserved (*see People v Martin*, 50 NY2d 1029 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find defendant's other arguments concerning suppression unavailing. The use of force does not necessarily elevate a seizure based on reasonable suspicion to an arrest requiring probable cause (*People v Foster*, 85 NY2d 1012, 1014 [1995]; *People v Allen*, 73 NY2d 378, 379-380 [1989]). The deployment of the dog did not constitute an arrest, and required only reasonable suspicion (*see People v Durham*, 146 AD3d 1070, 1072 [3d Dept 2017]; *see also People v Reyes*, 272 AD2d 244, 244 [1st Dept 2000], *lv denied* 95 NY2d 907 [2000]), which was provided by the police officers' observations that defendant, who matched the description of a man suspected of having just committed an armed robbery, in the vicinity of where gunshots were heard, was running away from the scene, changed course when he saw the police, and fidgeted with his waistband while running (*see e.g. Matter of Livan F.*, 140 AD3d 409, 410 [1st Dept 2016]). The police did not use excessive force in releasing the dog, where defendant continued running after an officer identified himself, repeatedly ordered defendant to stop, and warned defendant that he would release the dog unless defendant complied (*see United States v Lawshea*, 461 F3d 857, 859-860 [7th Cir 2006]). Accordingly, defendant's abandonment of the pistol in the street was not precipitated by any police illegality.

The trial court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant's procedural arguments concerning his *Batson* claim are unpreserved (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Bruzzley*, 105 AD3d 576 [1st Dept 2013], *lv denied* 21 NY3d 1002 [2013]), and we decline to review them in the interest of justice. We further find that the court's *Batson* determinations are supported by the record (*see People v Hecker*, 15 NY3d 625, 656 [2010], *cert denied* 563 US 947 [2011]; *People v Smith*, 81 NY2d 875, 876 [1993]).

Upon our in camera inspection of a sealed document, we find

that defendant was not entitled to disclosure of this material under *Brady v Maryland* (373 US 83 [1963]).

We perceive no basis for reducing any of the sentences. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.