People v Stevens (2019 NY Slip Op 02912)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Stevens

2019 NY Slip Op 02912

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-02720
(Ind. No. 1304/16)

[*1]The People of the State of New York, respondent,
vEdward L. Stevens, appellant.

Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered February 27, 2017, convicting him of criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested after he threw a gun to the ground while being pursued on foot by two police officers. After a hearing, the County Court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered, which included the gun, a magazine, and cartridges. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and resisting arrest. Before imposing sentence, the County Court adjudicated the defendant a second violent felony offender. The defendant appeals from the judgment of conviction.
We agree with the County Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence. At the hearing, Police Officer James Spoerel testified that he and his partner were patrolling an area in Wyandanch where there had recently been a number of shootings. They received a tip from a civilian that a black male with a black, bushy beard and "dreads," wearing a black trench coat, had a firearm and was inside a certain residence. When the officers observed a man meeting that physical description, whom officer Spoerel identified in court as the defendant, leave that residence, they had a founded suspicion that criminal activity was afoot, justifying their initial stop of the defendant (see People v Murriel, 75 AD2d 628; cf. People v Hodges, 55 AD2d 684). Thereafter, the defendant's conduct in moving his hand to his waistband and fleeing from the officers gave rise to reasonable suspicion justifying their pursuit of the defendant (see People v Jackson, 163 AD3d 995, 995-996; Matter of Livan F., 140 AD3d 409, 410). When Officer Spoerel observed the defendant discard a gun as he ran, the officers had probable cause to arrest the defendant (see People v Cruz, 137 AD3d 1158; People v Fields, 127 AD3d 782; People v Fleming, 65 AD3d 702).
Contrary to the defendant's contention, the People did not have to satisfy the Aguilar-Spinelli test (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108). The necessary predicate for justifying the police action under review was, first, whether the officers had a founded suspicion that criminal activity was afoot and, thus, a "common-law right to inquire" (People v De Bour, 40 NY2d 210, 223), and then, after they approached the defendant and he touched his waistband and fled, " the less demanding standard of reasonable suspicion'" (People v Argyris, 99 AD3d 808, 810, affd 24 NY3d 1138, quoting People v Legette, 244 AD2d 505, 507; see People v Cruz, 137 AD3d 1158; People v Colucci, 268 AD2d 531, 532).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant possessed a "loaded firearm" within the meaning of Penal Law § 265.03(3) and, thus, legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
We agree with the County Court's denial of the defendant's application to charge criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree. To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater (see CPL 300.50[1]; People v James, 11 NY3d 886, 888; People v Lowery, 127 AD3d 1109, 1110). The defendant established the first prong of the test. However, viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705; People v Cherry, 163 AD3d 706, 708), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater.
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see People v Hardy, 166 AD3d 645; People v McMillan, 130 AD3d 651, 655, affd 29 NY3d 145). In any event, the remarks were responsive to arguments and theories presented during the defense summation or constituted fair comment on the evidence (see People v Isaac, 137 AD3d 1164, 1165). Since the challenged remarks were not improper, defense counsel's failure to object to the prosecutor's summation comments did not deprive the defendant of the effective assistance of counsel (see People v Isaac, 137 AD3d at 1165; People v McGowan, 111 AD3d 850, 851; People v Friel, 53 AD3d 667, 668).
The defendant's challenge to his adjudication as a second violent felony offender is unpreserved for appellate review (see CPL 470.05[2]; People v Hall, 145 AD3d 915, 916; People v Moshier, 110 AD3d 832, 833; People v Chase, 101 AD3d 1141) and, in any event, without merit. Penal Law § 70.04(1)(b)(iv) provides that the sentence on a predicate violent felony conviction "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted." In calculating the 10-year period, "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.04[1][b][v]). Here, although the conviction for the predicate violent felony was dated August 31, 2004, more than 10 years before the commission of the felony underlying his conviction herein, the 10-year period was tolled during the period of his incarceration pursuant to the 2004 conviction (see Penal Law § 70.04[1][b][iv], [v]). Moreover, while the County Court did not specifically ask the defendant if he wished to controvert the allegations in the prior violent felony offender statement (see CPL 400.15[3]), the failure to do so was harmless, since the defendant [*2]admitted that he was the person convicted of the predicate felony, there was no indication that he intended to claim that his prior conviction was unconstitutionally obtained, and he has not alleged any grounds to controvert the prior violent felony offender statement (see People v Jackson, 114 AD3d 807; People v Sanabria, 110 AD3d 1012; People v Chase, 101 AD3d 1141; People v McAllister, 47 AD3d 731; People v Flores, 40 AD3d 876, 878).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court