People v Luke (2019 NY Slip Op 07038)





People v Luke


2019 NY Slip Op 07038


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9980 1648/15

[*1] The People of the State of New York, Respondent,
v
Terry Luke also known as Terry Jackson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J. at suppression hearing; Maxwell Wiley, J. at jury trial and sentencing), rendered September 7, 2016, convicting defendant of burglary in the second degree (two counts), burglary in the third degree (two counts), criminal possession of stolen property in the fourth degree (two counts) and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 17 to 19 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences run concurrently, resulting in a new aggregate term of 15 years, and otherwise affirmed.
The court properly denied defendant's suppression motion. The record supports the hearing court's finding that the information possessed by the police, coupled with defendant's evasiveness, flight and resistance, provided probable cause to believe that defendant had attempted, or was attempting, to buy merchandise by way of a stolen or fraudulent credit card. A store employee provided detailed information about a pattern of behavior by defendant that was highly suspicious, when viewed in the light of the experience of both the employee and the police officer regarding such matters (see generally People v Valentine, 17 NY2d 128, 132 [1966]). Defendant argues that when the officers tackled him to terminate his flight, this constituted a forcible seizure tantamount to an arrest that required probable cause. However, in his omnibus motion and at the suppression hearing, defendant never alerted the court to this particular issue, and the court did not expressly decide it (see CPL 470.05 [2]; People v Parker, 32 NY3d 49, 57 [2018]). Accordingly, this issue is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that tackling defendant was a reasonable measure to prevent him from frustrating police efforts to lawfully detain him based on, at least, reasonable suspicion, and that this use of force did not elevate the seizure to an arrest requiring probable cause (see People v Foster, 85 NY2d 1012, 1014 [1995]; see also People v Hill, 151 AD3d 479 [1st Dept 2017], lv denied 29 NY3d 1128 [2017][use of police dog to terminate suspect's flight]). In any event, regardless of whether defendant was arrested at the moment he was tackled, that arrest was lawful.
The trial court providently exercised its discretion in permitting the People to introduce evidence of defendant's prior attempts to make unlawful entries at one of the locations he was charged with burglarizing. The evidence was relevant, among other things, to a witness's ability to identify defendant, and it was not unduly prejudicial (see e.g. People v Matthews, 276 AD2d 385 [2000], lv denied 96 NY2d 736 [2001]). Defendant did not preserve his related claims [*2]regarding the People's summation and the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK