People v Matthews (2021 NY Slip Op 03854)





People v Matthews


2021 NY Slip Op 03854


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-03986
 (Ind. No. 3688/14)

[*1]The People of the State of New York, respondent,
v
Marlondo Matthews, appellant.


Brill Legal Group, P.C., Hempstead, NY (David Gray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered April 6, 2016, as amended May 10, 2016, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was charged by indictment, inter alia, with attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree based on allegations that, with the intent to kill or cause serious physical injury to the complainant, the defendant used a knife or similar weapon against the complainant, attempting to kill him and causing seriously physical injury to him. Prior to trial, the defendant rejected the People's offer to plead guilty to attempted murder in the second degree in exchange for a recommended sentence of a 17-year term of imprisonment.
The case proceeded to a trial before a jury, which ultimately found the defendant not guilty of attempted murder in the second degree and guilty of assault in the first degree and criminal possession of a weapon in third degree. At sentencing, the defendant requested an adjournment in order for him to obtain a supplemental presentence investigation report from an outside organization. The Supreme Court denied the defendant's request and imposed sentence.
The defendant's contention that he was deprived of a fair trial by certain alleged prosecutorial misconduct with regard to overcharging and plea negotiating is unpreserved for appellate review (see CPL 470.05[2]; People v Gonzalez, 220 AD2d 230, 230) and improperly based, in part, on matter outside the record (see generally People v Weinberg, 183 AD2d 930, 931). In any event, contrary to the defendant's contention, he was not overcharged with attempted murder in the second degree (see People v Bracey, 41 NY2d 296, 301; People v Campbell, 300 AD2d 501, 502). Moreover, there is no constitutional right to a plea agreement (see Lafler v Cooper, 566 US 156, 179-180; see also People v Gonzalez, 220 AD2d at 230), and the record provides no basis to question whether the prosecutor exercised her plea-negotiating discretion in an evenhanded manner (cf. People v Adams, 20 NY3d 608).
The defendant's contention that he was deprived of a fair trial by certain allegedly improper remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Negron, 150 AD3d 764, 765). In any event, this contention is without merit, as most, if not all, of the challenged remarks "remained within the broad bounds of rhetorical comment permissible in closing argument" (People v Dorgan, 42 AD3d 505, 505 [internal quotation marks omitted]; see People v McHarris, 297 AD2d 824, 825) or were "fair comment on the evidence and the inferences to be drawn therefrom" (People v McHarris, 297 AD2d at 825). Any prejudice to the defendant caused by the prosecutor's remarks was dissipated by the Supreme Court's instructions to the jury (see People v Brown, 272 AD2d 338, 339). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Roscher, 114 AD3d 812, 813; People v Almonte, 23 AD3d 392, 394), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any such error contributed to his convictions (see People v Roscher, 114 AD3d at 813).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request to adjourn sentencing (see generally People v Johnson, 176 AD3d 1103, 1104) and properly considered the presentence investigation report prepared by the Department of Probation in sentencing him. Moreover, the defendant's contention that the court, in sentencing him, penalized him for exercising his right to a jury trial is unpreserved for appellate review (see People v Cruz, 137 AD3d 1158, 1160). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than that offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see id. at 1160). There is no indication in the record that the sentence was the result of vindictiveness or retribution for the defendant's refusal to accept a plea and his exercise of the right to a jury trial (see id.). To the contrary, it is clear from the record that the court relied upon appropriate factors in sentencing the defendant to a higher sentence than that which he was offered during plea negotiations (see People v Hernandez, 44 AD3d 684, 685; People v Gillian, 28 AD3d 577, 578, affd 8 NY3d 85; cf. People v Hodge, 154 AD3d 963, 965; People v Simmons, 29 AD3d 1024, 1025).
Finally, the sentence imposed on the defendant's conviction of assault in the first degree was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court