People v Cardoza (2026 NY Slip Op 01215)

People v Cardoza

2026 NY Slip Op 01215

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2024-03645
 (Ind. No. 70204/24)

[*1]The People of the State of New York, respondent,
vBalbino Cardoza, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered June 25, 2024, convicting him of obstructing governmental administration in the second degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his due process rights were not violated by the Supreme Court's failure to dismiss the counts of the indictment charging him with assault in the second degree (Penal Law § 120.05[3]) and resisting arrest (Penal Law § 205.30), for which he was ultimately acquitted. As an initial matter, the court did not err in its determination not to dismiss those counts, as there was legally sufficient evidence to support them (see People v Shorter, 226 AD3d 932; People v Alman, 185 AD3d 714, 717). In any event, the defendant fails to demonstrate that his due process rights were violated by the submission of those counts to the jury (see People v Paucar, 242 AD3d 1220, 1221). The defendant's reliance upon People v De Jesus (42 NY2d 519) is misplaced, as it is factually inapposite to the case at bar. The defendant has failed to demonstrate that the jury's consideration of counts upon which the defendant was ultimately acquitted constituted the "interjection of extraneous considerations [which] unfairly burdened the defendant" (id. at 524).
The defendant's contention that the Supreme Court imposed a harsher sentence as punishment for exercising his right to a jury trial is without merit. "[T]he fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for proceeding to trial . . . . There is no indication in the record that the sentence is the result of vindictiveness or retribution for the defendant's refusal to accept a plea offer and the exercise of his right to a jury trial" (People v Tyme, 222 AD3d 783, 785; see People v Matthews, 195 AD3d 864, 866). To the contrary, the record reflects that the court relied upon, inter alia, a presentence investigative report prepared by the Department of Probation in sentencing the defendant to a higher sentence than that which he was offered during plea negotiations (see People v Matthews, 195 AD3d at 866). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court